# CHARLESTON.

IRONTON LUMBER COMPANY *v.* GUYANDOTTE TIMBER COMPANY.

Submitted September 9, 1909. Decided December 6, 1910.

1. NEGLIGENCE—*Pleading—Declaration.*

     A declaration for damage from negligence must allege both the negligence and the loss from it, and state facts showing that the loss resulted from such negligence. It must show that the negligence was the proximate cause of the specified loss.

2. NAVIGABLE WATERS — *Booms* — *Right of Passage—Necessity of Demand.*

     When a boom company has a "corker" stretched across a stream to stop and secure logs, an owner of a log raft desiring to pass his raft through the boom must inform the operator of the boom of his desire of passage, and a declaration in an action for damage from such obstruction must aver that such passage was demanded.

Error to Circuit Court, Cabell County.

Action by the Ironton Lumber Company against the Guyandotte Timber Company. Judgment for plaintiff, and defendant brings error.          *Reversed and Remanded.*

*Campbell, Brown & Davis,* for plaintiff in error.

*Isbell & Perry,* for defendant in error.

BRANNON, JUDGE:

In this action brought by the Ironton Lumber Company against the Guyandotte Timber Company is the question whether the declaration is good. After averring that the plaintiff was engaged in the business of buying and selling saw logs and running them down the Guyandotte river into the Ohio river and thence to Ironton, and that the defendant operated a boom in the Guyandotte river for the purpose of stopping logs, rafts and other timber of value, and that the boom was so constructed as to permit logs, rafts and timber, when desired by the owners, to pass without delay when the boom was properly managed; that the plaintiff had three rafts in Guyandotte river above the boom and was ready and able to float them to Ironton and would have done so if it had not been prevented by the defendant using said river so unlawfully and in such a careless manner that the plaintiff lost all of its timber, in this, that the defendant caused what is known as a "corker" or string of logs to be fastened on a pier at the lower end of the boom and to be swung across the river and fastened on the opposite bank of the river, and to thereby entirely prevent navigation and make it impossible for the plaintiff to float its rafts out, and that the defendant so carelessly and improperly managed its boom and by its negligence and improper conduct in closing the river by placing the "corker" across the river as aforesaid, prevented the plaintiff from getting its timber to market and from floating it out of the river, and by such means the plaintiff was forced to leave its timber in Guyandotte river above the boom, "and thereafter because of the negligence of the said defendant, and the improper conduct of the said defendant in using the river the plaintiff lost all of its timber." It is pointed out by counsel that in the clause quoted above it is alleged that the defendant was guilty of negligence occurring subsequently to placing the "corker" across the river, and does not specify wherein such negligence consisted. If such were the true construction of the quoted clause the point made by counsel would be good because we are not told in what such *subsequent*

negligence consists; but we do not interpret the clause as alleging negligence after placing the "corker", but as alleging that the injury occurred after placing the "corker".

But we find two defects in the declaration. Such a declaration must contain two cardinal elements. It must aver the negligence, and not only that, but it must aver a loss consequent therefrom, and tell wherein that loss consisted, how it came about and in what it consisted. Say that this declaration does sufficiently specify the negligence. It does not, however, sufficiently aver the loss. It says that the boom company put that "corker" across the river and obstructed navigation, and that thereby the plaintiff had to leave its rafts in the river and lost the same. How it lost the same the declaration does not say. It does not say how the negligence of the defendant caused the loss, or wherein the loss consisted. It does not connect the loss with the negligence or show how that negligence produced the loss. 29 Cyc. 572, says: "In consequence of the rule that negligence to render a defendant liable must be the proximate cause of the injury, connection between the act or omission and the resultant injury must be shown, and a complaint is insufficient if it fails to show such connection." We find in 14 Ency. Pl. & Prac. 336, this text: "In an action for negligence it must appear from the complaint or declaration, either by direct averment or from the statement of such facts as to raise the presumption, that the injury was the natural and proximate result of the defendant's negligence." We said in *Hannum* v. *Hill,* 52 W. Va. 169, that it must appear from the allegation that by reason of the act the injury resulted. "It must appear from facts averred that the negligence caused or contributed to the injury." Note 13 Ency. of Forms 6, citing numerous authorities. Say that it is charged that a negligent act was done, that negligent act alone gives no right of action, unless it caused loss, and the facts stated must show that the loss resulted from the wrongful or negligent act, and how that loss came about. The declaration must state both the resultant damage, and trace that damage to the negligence and tell us wherein the damage consisted. A declaration alleged against a railroad in an action for personal injury that "the defendant conducted themselves so carelessly, negligently and unskilfully in the operation of their said business as to inflict

upon W. severe bodily injury by reason whereof he died", was held bad as not tracing the injury to the negligence and specifying how and wherein the damage came and existed. *B. & O. Co.* v. *Whittington,* 30 Grat. 805. This declaration does not definitely connect the loss with the negligent act and specify the character of the loss, and give notice to defendant of what is to be proven.

Another defect in the declaration is this: By the Boom Statute a boom company has the exclusive privilege of occupying the river for the stopping and securing of boats, rafts, saw logs and other timber. Code 1906, chapter 54a, section 21. Thus it was lawful for this company to put in its piers and to put that "corker" across the river to secure rafts and logs coming down. Without it how could it catch logs? It was not an unlawful act unless exercised in an unlawful manner. True, the Boom Act does say that its work shall be so constructed as to "permit boats and other rafts, *when desired by the owners,* to pass them without unavoidable delay." When rafts come down the stream it is not known whether the owner desires them to go out at once or not. The purpose of the boom is to stop timber from going out of the small river into the large and being lost. The statute allows the owner to pass his rafts out at once, if he desires; but must he not inform the boom operators of such desire? He must demand passage if the boom operator has the river obstructed by the "corker". We do not say whether or no, if at the time the boom operator has this "corker" across the river and his boom filled with thousands of logs he must at once remove the "corker" and let great quantities of logs escape, or whether the owner of the rafts must wait a reasonable time. We have no such question before us, and do not say as to this. But we do say that it is necessary in such case that the owner of the rafts notify the boom operator of his desire to pass and demand passage. The declaration states no such demand.

Therefore, we reverse the judgment, set aside the verdict and remand the cause to the circuit court with leave to amend the declaration.

*Reversed and Remanded.*