# CHARLESTON.

ADKINS *et al* v. GUYANDOTTE TIMBER CO.

Submitted February 22, 1910.    Decided December 12, 1911.

NAVIGABLE WATERS—*Action for Obstruction—Pleading.*

> A declaration in an action for damages from the temporary obstruction of a river by a boom company whereby a raft was detained from its destination and lost in a flood, must aver that the owner of the raft requested the boom company to permit the raft to pass.

Error to Cirucit Court, Cabell County.

Action by E. E. Adkins and another against the Guyandotte Timber Company. Judgment for plaintiffs, and defendant brings error.

*Reversed and Remanded.*

*Campbell, Brown & Davis,* for plaintiff in error.

*George J. McComas* and *Daniel Dawson,* for defenants in error.

ROBINSON, JUDGE:

The action is one for the recovery of damages from the loss of a raft of logs. Plaintiffs claim that the loss was caused by defendant, a boom company, in negligently and unlawfully blocking the channel of the river, so that the raft was detained therein until a flood came and swept it away.

The case is similar to that considered in *Ironton Lumber Co.* v. *Guyandotte Timber Co.,* 68 W. Va. 358. The decision in that case. controls the determination of a material point in the case at hand. There is no averment in the declaration that plaintiffs requested defendant to open the boom and allow their raft to pass through. Demurrer to the declaration was overruled. It should have been sustained.

On the authority of the case cited, we must reverse the judgment, set aside the verdict, sustain the demurrer, and remand the case with leave to amend the declaration.

*Reversed and Remanded.*