# CHARLESTON.

### N. J. LONG V. THOS. B. FOLEY.

Submitted September 4, 1918.　Decided September 10, 1918.

1. NEGLIGENCE—*Action for Personal Injuries—Declaration.*

    A declaration in an action of trespass on the case for personal injury is sufficient if there be an apparent causal connection between some though not all of the negligent acts averred and the infliction of the injury. Such other averments are mere surplusage. (p. 505).

2. MASTER AND SERVANT—*Injury to Servant—Duties of Master.*

    Within the duty of a master to exercise ordinary care to furnish a reasonably safe place for his servant to work are included the furnishing of lights, when necessary, having due regard for the character of the work, the time, manner and place of its performance and the safety of the servant; and also the exercise of like care to furnish a place which will not deprive the servant of the free use of either hand or arm when such use of both is usual and necessary in the ordinary and usual safe performance of such work. A declaration that avers these duties and the breach thereof, whereby the injury occurred, states a cause of action. (p. 504).

3. SAME—*Injury to Servant—Declaration—Workmen's Compensation Act.*

    The declaration also sufficiently avers that when the injury was inflicted the defendant was an employer entitled to qualify under the provisions of the Workmen's Compensation Act, and having failed to do so is deprived of the protection it affords and is subject to the burdens it imposes. (p. 506).

Case Certified from Circuit Court, Wetzel county.

Action by N. J. Long against Thos. B. Foley. Demurrer to declaration was overruled, and the case certified.

*Affirmed and remanded.*

*Larrick & Lemon* and *M. H. Willis,* for plaintiff.

*H. H. Rose,* for defendant.

LYNCH, JUDGE:

Relying on the lack of causal connection between the negligence averred in the declaration in an action of trespass on the case and the infliction of the injury complained of and

sued for, the defendant demurred from the pleading, and, the demurrer being overruled, the court certified the case here under the authority of the second paragraph of §1, ch. 135, Code 1916. Plaintiff sustained the injury while engaged as a "stabber", a term employed in the work of tubing óil and gas wells, the duty required being to guide with his hands the joint suspended by a rope from the derrick to connect with other joints placed in the well in the same manner to complete the entire tubing process.

It is an unprofitable and needless task to set out at length the manifold negligent acts and omissions charged in the declaration, "whereby and by reason whereof" plaintiff suffered the injury for which he seeks compensation.

Defendant, it is charged, and by the demurrer admitted, was engaged at the time of the injury in drilling and tubing oil and gas wells in Wetzel County, and was an employer of persons for profit in this state in that occupation, and had elected not to contribute to the Workmen's Compensation Fund and thus to take advantage of the protection afforded by the statute creating the fund; that he then was engaged lawfully in the drilling and equipping of well No. 1 on the Garner farm in Church district of said county, and was possessed of and was using certain machinery, tools, appliances, boiler, engine, rig, derrick, timber, board, walking beam, screws, pulleys, ropes, bull wheel and platform, at which time and place and in such operation plaintiff was a regular employee of the defendant as a co-laborer with others in and about the said well, and subject to the order and direction of the defendant in placing metal casing in the well for his benefit, and was then and there acting as stabber in the placing of said metallic casing in the well, and charged with the duty of directing and guiding the course of the casing as it was raised above the well and lowered into the well, and of connecting the same to other casing therein to prevent the casing, pulley and appliances from colliding with other objects; that the casing was raised and lowered one joint at a time by means of power derived from said boiler and other appliances aforesaid, and by means of ropes passing over the top of the derrick and ordinarily and usually securely fast-

ened around an iron pin at the top of the derrick by means of metallic clamps; that the rope then was suspended from the top to a point near the foot of the derrick where ordinarily and usually there should be and is attached thereto a double or tripple movable pulley, whence the rope should and ordinarily does pass again over the top of the derrick, twice if a double pulley is attached and three times if a tripple pulley is attached, and the free end thereof is extended and attached to the shaft of the bull wheel, whereby each joint of casing at the end of the rope near or at the foot of the derrick is raised toward the top into a perpendicular position, so that the stabber could and should stab or place it in proper position for screwing into the collar uniting it with the joint next underneath the well; that it was the duty of the plaintiff in such employment to be seated astride of the walking beam at or near the end immediately over the well, so that both hands and arms should be free to direct the movements of the casing, pulley and appliances, and properly place them for contact with the last preceding joint, and to prevent their collision with other objects; that in performing said labor and service it became the duty of defendant to use a large, strong rope, commonly known as the casing line, and to raise and lower the casing slowly and with due and proper care and caution, well and sufficiently to light the place at which plaintiff was engaged, and to use due and proper care to provide him with a reasonably safe place in which to work, and not to subject him to any extraordinary risk or hazard in the course of the employment.

The breaches charged are the failure properly to light the place of the employment; the failure to use due and proper care to provide a reasonably safe place for the work to be performed; the subjection to extraordinary risks and hazards by the direction to raise and lower the casing by the use of a single instead of a double or tripple pulley and of a worn and weak drilling rope fastened at the top of the derrick by tying it with a piece of soft rope instead of large, strong casing rope fastened by clamps, and by causing the casing to be raised rapidly instead of slowly and with due care and caution to a perpendicular position, and likewise by ordering

and directing the plaintiff in the course of the employment to stand upon his feet in a strained and cramped position upon a steep and sloping roof, whereby he was compelled to use one hand and arm for the support of his body, and hence was deprived of the free use of both hands and arms for the due and proper management of the pulley and casing, whereby and by reason whereof, when in the discharge of his duties aforesaid and when on the roof aforesaid, in hoisting a joint of said casing, the plaintiff's left hand was caught, without fault on his part, between the said pulley and the said rope, and the first three fingers thereof were mashed, bruised, crushed and ground off so that the same were entirely severed from his hand.

Of course under the authority of *Lumber Co.* v. *Timber Co.*, 68 W. Va. 358, the negligence must appear from the declaration to have been the proximate cause of the injury. But what relation or relevancy some of the negligent acts averred have or bear to the causation of the injury is not so perceivable or apparent as the rules of good pleading require. Indeed no such relevancy appeared at all. The rope did not break or escape from its moorings nor have any effect in producing the accident; at least there is no averment that it occurred in consequence of these alleged defects. And the same may be said of the use of the single instead of the double or tripple pulley.

Clearly it was the duty of the defendant to exercise due and ordinary care and diligence to provide a reasonably safe place and instrumentalities in and with which he required and directed the plaintiff to work, and not to subject him to unusual or extraordinary risks or hazards. Such a place to be safe within the legal definition of the term should be furnished with lights when they are necessary to the due and safe performance of the work assigned to him, having due regard always to the character of the work and the time and place of its performance. Sec. 1005, Vol. 3 (2nd. Ed.) Labatt, Master & Servant, and cases cited. There is also a like duty devolving upon the employer to provide such a safe position for the employe to occupy as will afford him an opportunity for the free and untrammeled use of both hands

and arms when necessary for the safe and successful performance of the work he is required to do, where it cannot be done as readily or as safely without such freedom and where there is available the usual mode or manner of doing the work. These duties and the breach thereof and the consequential injury the declaration sufficiently avers.

To avoid any misapprehension that might otherwise arise, it is deemed proper to state that under an averment of the declaration and in view of the express provisions of the Workmen's Compensation Act the common law doctrine of the assumption of risks, contributory negligence and fellow-servancy have no bearing upon the questions herein discussed and that may arise upon the trial. §26, ch. 15P, Code; *Louis v.Construction Co.*, 80 W. Va. 159. As the case now stands, there is before us nothing but the declaration, and we decide nothing except its sufficiency upon demurrer; and, finding it sufficient in the particulars noted, we approve the action taken by the circuit court and remand the cause for trial.

*Affirmed and remanded.*