### City of Louisville v. Frank's Guardian.

(Decided June 4, 1913.)

Appeal from Jefferson Circuit Court. (Common Pleas, First Division).

1. Municipal Corporations—Sewerage Commission of Louisville Distinct Corporation—Negligence of—City Not Liable for.—The sewerage commission of Louisville is a distinct and independent corporation, and the city is not liable for the negligence of the servants of the sewerage commission.

2. Municipal Corporations—Not Liable for Negligence of Servants in Discharge of Governmental Functions.—A city is not liable for the negligence of its servants in the discharge of its governmental functions. The sewerage commission discharges a governmental function.

HUSTON QUIN and GROVER C. SALES for appellant.

O'DOHERTY & YONTS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

The Commissioners of Sewerage of Louisville in May, 1909, were constructing a sewer in Logan street, and had taken possession of the street for this purpose. While the work of digging the sewer was in progress, a drain was dug to prevent the water from going into the sewer trench. Theodore Frank, a little boy, was playing in the street and fell into the hole and was injured. This suit was brought by him against the City of Louisville to recover for his injuries. The proof for him on the trial showed that the hole was not properly lighted and barracaded; and that by reason of the negligence of the

servants of the sewerage commission in failing to light the hole or barracade it, his injury occurred.

The question to be determined is was the city liable for the negligence of the servants of the sewerage commission? In Smith's Admr. v. Commissioners of Sewerage, 146 Ky., 562, and in Jones & Co. v. Ferro Concrete Construction Co., 154 Ky., 47, we held that the sewerage commission is not responsible for the negligence of its servants, and under the rule laid down in those opinions no action lies against the sewerage commission for the injuries here sued for. But it is insisted that although the sewerage commission is not liable, the city has charge of its streets and is liable if a hole is negligently left in the street.

The sewerage commission is a distinct and independent corporation created by the act of February 19, 1906 (Ky. Stats., Sec. 3037b). The purpose of the act was to secure for the city an adequate system of sewers for the protection of the public health, the money being provided by an issue of bonds upon a vote of the people. Sections 10 and 15 of the act, provide:

"And when any portion of said sewerage system shall be complete and ready for active operation, the commission shall restore the street, alley or other public way through which said completed work extends, to its original condition as near as practicable, and then notify the board of public works and turn over said completed portion to such board, and the same shall thereafter be under the exclusive control of said board of public works." (Sec. 10.)

"Section 2825 Kentucky Statutes, vesting a certain exclusive control in the board of public works, shall, to the extent that it conflicts with this act stand repealed; provided, that such exclusive control of the board of public works shall attach and thereafter continue as provided in section 10 of this act." (Sec. 15.)

Section 2825 Ky. Stats., which is thus suspended during the construction of a sewer on any street, is as follows:

"The board of public works shall have exclusive control over the construction, reconstruction, cleaning, repairing, platting, grading improving, sprinkling, lighting and using of all streets, alleys, avenues, lanes, markethouses, bridges, sewers, drains, wells, cisterns, ditches, culverts, canals, streams and water courses, sidewalks, curbing and the lighting of public places."

It will thus be seen that by the terms of the act the board of public works is divested of control over the street while the sewerage commission has charge of it for the purpose of constructing the sewer and until it notifies the board of public works and turns over the completed portion to the board of public works. The act was declared constitutional in Miller v. City of Louisville, 30 R., 664, and its clear purpose was to divest the city of the control over the street while the sewerage commission was constructing a sewer in it, in order to prevent conflicts of authority and to give the sewerage commission a free hand in the construction of an adequate system of sewers as contemplated by the act. The board of public works is the arm of the city government having charge of the city streets, and when the control of the street is taken from this board and vested in an independent corporation over which the city has no control, it is hard to see upon what principle the doctrine of *respondeat superior* can be applied; for it is the manifest purpose of the act to make the sewerage commission independent of the city authorities. In Belvin v. City of Richmond, 85 Va., 514, the court had ropes stretched across the street that the business of the court might not be disturbed. A lady driving down the street in a buggy was injured by the ropes which had been negligently left in the street after the court adjourned. The city was held not liable. In Barnes v. District of Columbia, 1 McArthur, 322, Congress authorized a railroad company to extend a branch of its road, and the plaintiff was injured by falling into an unlighted excavation made by it. It was held that the district was not liable. So in Cox v. City of Philadelphia, 165 Fed., 559, it was held that the city was not liable where it had no control of a work done by a contractor. We do not see how a different rule can be applied here.

In addition to this, in the cases above referred to, it is distinctly held that the sewerage commission is a governmental agency, and we have repeatedly held that the city is not liable in damages for the negligence of its officers acting as a governmental agency. In Pollock v. Louisville, 13 Bush, 221, it was held that the city was not liable for the wrongs done by its policemen and in Greenwood v. Louisville, 13 Bush, 226, it was held that the city was not liable for an injury done by the negligence of its fire department. These cases have been followed since in a long line of decisions. In Twyman v. City of Frank-

fort, 117 Ky., 518, it was held that the city was not liable for the negligence of its servants at a pest house. In Schwalk's Admr. v. City of Louisville, 135 Ky., 570, it was held that the city was not liable for negligence in maintaining its city hall. In City of Louisville v. Bridwell, 150 Ky., 589, many other cases on the subject are collected. In Braunstein v. City of Louisville, 146 Ky., 777, the plaintiff was injured on a street by a rock falling upon him which had been thrown in the air by a blast negligently fired by the city authorities at the city workhouse. It was held that the city was not liable for the reason that the maintenance of the workhouse was a governmental function. The doctrine announced in these cases has been so often adhered to by this court that it is no longer an open question. The circuit court on the evidence should have instructed the jury peremptorily to find for the defendant.

Judgment reversed and cause remanded for further proceedings consistent herewith. Judge Turner dissents.