### Johnson's Administrator v. Commissioners of Sewerage of Louisville, etc.

(Decided October 20, 1914.)

Appeal from Jefferson Circuit Court
(Common Pleas No. 3).

Personal Injuries—Municipal Corporations—Sewers.—A laborer employed by the Commissioners of Sewerage of Louisville in the maintenance of its sewer system, cannot maintain an action for

personal injury either against the city or the Commissioners, the maintenance of the sewers being a governmental function.

O'DOHERTY & YONTS for appellant.

LEON P. LEWIS and PENDLETON BECKLEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

This suit was brought by the personal representative of George W. Johnson against the city of Louisville and the Commissioners of Sewerage of Louisville to recover for his intestate's death. The circuit court sustained a demurrer to the petition, and dismissed the action. The plaintiff appeals.

Except formal allegations the facts stated in the petition are these: On December 27, 1911, while engaged in the service of the defendants the intestate was directed by certain officers superior to him in authority, to go to a certain concrete pier or abutment which was above and over a public sewer, and to remove from the water at the mouth of the sewer and below the concrete pier, a certain wooden form then floating in the water; while endeavoring to take the wooden form from the water below the concrete pier, the intestate was precipitated from the pier into the water and was drowned; each of the defendants by their gross negligence permitted the concrete pier to be in a condition not reasonably safe for persons to stand upon by reason of the fact that the upper part of the concrete pier was wet and slippery to such an extent that a person could not stand upon it with safety; and the defendants and each of them by gross negligence failed to provide the intestate with a reasonably safe place to do the work assigned him, and by reason of such negligence, he lost his life; the intestate was at the time in the service of the Commissioners of Sewerage of Louisville, a corporation created by law; the concrete pier or abutment was not in process of construction, but had been completed, and the intestate was not engaged in any way in repairing the concrete pier; the sewer underneath it had been fully constructed and entirely completed by the Commissioners of Sewerage of Louisville, and was ready for active operation; and in fact was in active operation as a portion of the sewerage system of the city. The Commissioners of Sewerage had restored to the city of Louisville the land on which

the pier and the sewer underneath were located, and had so notified the Board of Public Works. The Board of Public Works took and held entire control of the pier and sewer long before the intestate lost his life, and so had control at that time.

In Smith's Admr. v. Commissioners of Sewerage of Louisville, 146 Ky., 563, we had before us an action to recover for the death of a laborer in the service of the Commissioners of Sewerage in the construction of a sewer, it being charged that his death was due to the negligence of the defendant; it was held that the action could not be maintained on the ground that in the construction of sewers the city is exercising a governmental function and that the funds set apart for this purpose can not be diverted to pay damages in actions for tort. A number of previous cases are collected in that opinion. That case was followed in City of Louisville v. Frank's Guardian, 154 Ky., 254, where a suit was brought, not against the commissioners, but against the city. It is insisted, however, that in this case the sewer had been completed and for that reason the rule announced there is not applicable here. But the city in the maintenance of its sewers is acting in a governmental capacity no less than in their construction. It was as essential to take the wooden form out of the water as it was to construct the sewer. An obstructed sewer is a menace to public health rather than a protection to it. The purpose of sewerage is to protect the health of the city and all the work of maintenance of a sewerage system is the exercise of a governmental function by the city, for which under our repeated rulings, as shown by the cases referred to in the opinions above cited, neither the city nor the Commissioners of Sewerage are liable.

Judgment affirmed.