ALBERT ARNN, APPELLANT, v. THE BOROUGH OF NORTH-
VALE, RESPONDENT.

Submitted May 26, 1928—Decided October 15, 1928.

For the appellant, *George W. Babcock.*

For the respondent, *Frederick W. Mattocks.*

107

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff, Arnn, brought suit against the borough to recover compensation for injuries done to his property, which abutted on Paris avenue, in said borough, by surface water flowing down the street and over and upon his land. This claim for compensation was based upon the fact that the borough had installed a drain, which was insufficient in capacity to take care of all of the flow of the surface water in time of storm, and that, as a result thereof, the surplus water overflowed his land, greatly diminishing the value thereof. His right of recovery was based upon the contention that the borough, in installing a drain of insufficient capacity to take care of the full flow of the surface water down the street, was guilty of active wrong-doing, and was responsible for all damages sustained by property owners which directly resulted from such wrongful act.

When the case came on to be tried the proofs showed that the surplus surface water overflowed not only the property of the plaintiff, but property owned by others which fronted on Paris avenue and, upon this fact being developed, the trial court directed a nonsuit upon the theory that the neglect of a municipal corporation in the performance of a public duty imposed upon it by law, resulting in injury to property owners in the municipality, did not constitute the basis of a civil action by an individual who has suffered particular damage by reason of such neglect.

The present appeal challenges the soundness of the rule upon which the trial court based its order for a nonsuit, the contention being that this rule has no application where the municipality is guilty of active wrong-doing, and that, on the facts above recited, active wrong-doing on the part of the borough conclusively appears. We consider this contention opposed to the settled law applicable to the conditions existing in the present case. In *Waters* v. *Newark,* 56 *N. J. L.* 361, the plaintiff sued the municipality to recover damages for injury resulting to her property by the flowing upon it in time of storm of sewage and surface water, which the drain there-

tofore installed by the municipality was insufficient to fully take care of. Although not expressly stated in the opinion, it is evident from a reading of it that other property owners in the neighborhood must have suffered like injury from the lack of capacity of the drain. The Supreme Court held that there could be no recovery by the plaintiff, declaring that it is conclusively settled by the opinions of our courts that "the neglect of a municipal corporation to perform, or its negligence in the performance of, a public duty imposed upon it by law, is a public wrong, to be remedied by indictment, and cannot constitute the basis of a civil action by an individual who has suffered particular damage by reason of such neglect." A large number of earlier cases are cited in the opinion in support of the doctrine, and since the delivery of the opinion in the Waters case our courts have considered that the soundness of the legal rule therein declared is not open to doubt.

The judgment of nonsuit, being based upon the rule declared in the case cited, was properly directed, and the judgment under review will therefore be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.