Allen, J.
 

 This case arises upon demurrer to the amended petition. The material portion of the amended petition set up that the defendant, the city of
 
 *101
 
 Lakewood, employed a certain construction company to construct for the city of Lakewood a sewer in Edge-water drive from Parkside avenue to Homewood drive, and a sewer in Homewood drive, and that during all periods covered by the petition the plaintiff was the owner of certain premises upon Lake avenue in Lakewood.
 

 The petition also set up that the work done by the construction company was under the supervision of the authorities of the city, and that in the process of excavating such sewer and water line the construction company loosened and removed earth and rock by means of blasts of high-powered explosives, which was done with the knowledge and under the supervision of the authorities of the city and with their permission; that in so doing defendants trespassed upon and broke into the land and dwelling house of plaintiff with force and violence by means of explosions of great power and frequency in close proximity to the dwelling house; that by the use of such high-powered explosivés the defendants produced concussions and vibrations of the earth and air and of the material of plaintiff’s dwelling house and thereby caused the walls and ceilings of the house to crack and break.
 

 The petition further alleged that the blasting was commenced during the latter part of March, 1929, and that as soon as the explosions, concussions and vibrations began to produce any cracks in the walls and ceilings of her house, she immediately notified both the city and the construction company that their method of conducting the work was producing such damage, and thereafter gave the same and further notice to them, but, notwithstanding such notice, and their knowledge of the effect of the continued use of the high explosives, concussions, and vibrations upon plaintiff’s dwelling house, they continued the use of high explosives, and thereby greatly enlarged such
 
 *102
 
 cracks and breaks and continued to damage plaintiff’s dwelling house.
 

 The petition further alleged certain damage, for which judgment was prayed.
 

 The defendant demurred to the petition upon four separate grounds, and the court of common pleas sustained the demurrer upon all grounds stated therein. Plaintiff not desiring to plead further, judgment was rendered for the defendant, the city of Lakewood. This judgment was affirmed by the Court of Appeals.
 

 We deem it unnecessary to consider any ground of the demurrer except that first stated, which was that the petition does not state facts which show a cause of action against this defendant.
 

 In the cases of the
 
 City of Portsmouth
 
 v.
 
 Mitchell Manufacturing Co.,
 
 113 Ohio St., 250, 148 N. E., 846, 43 A. L. R., 961, and the
 
 City of Salem
 
 v.
 
 Harding,
 
 121 Ohio St., 412, 169 N. E., 457, this court stated that a city in constructing a sewer acts in its governmental capacity. It was stated in the opinion in
 
 City of Portsmouth
 
 v.
 
 Mitchell Manufacturing Co., supra,
 
 that the construction and institution of a sewer system is a governmental matter, and that there is no liability fox-mere failure to construct sewers. In that case the question presented and decided was purely one of municipal liability for negligent maintenance of a sewer. The same doctrine that the construction of sewers by a city is the exercise of a governmental function was carried into the syllabus of the case of
 
 City of Salem
 
 v.
 
 Harding, supra,
 
 but both the judgment and the syllabus of that cas'e are grounded upon the fact that by the negligence of the board of health in making changes in the sewer a nuisance had been created. Upon the logical theory of governmental powers, as well as upon case adjudication, this is the correct rule. 19 Ruling Case Law, 1108: 6 McQuillin on Municipal Corporations (2d Ed.), 927.
 

 The plaintiff in error vigorously contends that un
 
 *103
 
 der the allegations of the petition herein the city acted in its proprietary capacity, and that, while the planning and institution of a sewer system is a governmental function, its actual physical construction is ministerial only. Thus the question is squarely presented whether the physical construction of a sewer constitutes an exception to the general rule that drainage is a governmental function, to negligence in the performance of which function the rule of
 
 respondeat superior
 
 does not apply, and for which no liability arises against the municipality.
 

 It is generally conceded that the exercise of the police power constitutes a governmental function upon the part of a municipality. Hence we proceed to inquire whether the building of sewers constitutes an exercise of the police power.
 

 The preservation of the health, safety and welfare of the dwellers in urban centers of population constitutes a part of the police power. It is in the exercise of this function that municipalities are usually given power to regulate and abate nuisances, to exclude slaughter houses, to regulate the keeping of animals, the care and disposition of garbage and manure and dead animals; the power to enact quarantine regulations, and to regulate the burial of the dead and similar functions having to do with the preservation of public health. 19 Ruling Case Law, 798.
 

 It is also the general rule that when a function is public and governmental, so that the municipality derives no profit or advantage from its performance, it is not responsible for the negligence of its officers in respect to this function, and the rule of
 
 respondeat superior
 
 has no application. 19 Ruling Case Law, 1108, note 18, and a host of cases cited.
 

 Public drainage is a governmental function. 9 Ruling Case Law, 619.
 

 In 19 Ruling Case Law, 766, the statement is made that the construction of sewers is a public and govern
 
 *104
 
 mental function, and the power of constructing sewers and drains in a particular municipality may be conferred upon any officers or board upon which the Legislature may see fit to confer it.
 

 The function of public drainage, then, arises under the police power, and certainly the power to construct public sewers constitutes a part of the police power, for such sewers are established for the express purpose of preserving the public health. This being the case, the function is purely governmental, and hence it follows that in the construction of municipal sewers municipal officers act in their governmental capacity, and the municipality cannot be held liable for injuries resulting from their negligence.
 
 Bulger
 
 v.
 
 Inhabitants of Eden,
 
 82 Me., 352, 19 A., 829, 9 L. R. A., 205.
 

 In
 
 Arnn
 
 v.
 
 Borough of Northvale,
 
 105 N. J. Law, 107, 143 A., 437, municipal liability was denied in a case where property was injured due to drains that were insufficient and negligently constructed by the city.
 

 In Kentucky the universal rule long established is not only that the construction of sewers is a governmental function-, but that a municipality is not liable for negligence in such construction. This is upon the ground that in constructing such sewers the city performs a governmental duty for public benefit, from which no pecuniary benefit is derived.
 
 Von Almen’s Administrator
 
 v.
 
 City of Louisville,
 
 180 Ky., 441, 202 S. W., 880;
 
 City of Louisville
 
 v.
 
 Frank’s Guardian,
 
 154 Ky., 254, 157 S. W., 24;
 
 Johnson’s Administrator
 
 v.
 
 Commissioners of Sewerage of Louisville,
 
 160 Ky., 356, 169 S. W., 827.
 

 In
 
 Foster
 
 v.
 
 Capital Gas & Electric Co.,
 
 125 Kan., 574, 265 P., 81, 83, it was also held in the syllabus- that a municipality ordinarily is not liable for negligence of its agents or employees when engaged in the performance of governmental functions, and that the construction and maintenance of a sewer ordinarily is a governmental function, as distinguished from ministerial or
 
 *105
 
 proprietary. The action, was for damages for destruction of plaintiff’s house, caused by an explosion of gas alleged to have occurred through the negligence of the defendants in the laying of a sewer and gas mains. The court, after discussing the liability of the gas company, one of the defendants in the case, continues as follows:
 

 “What is here said with reference to liability of the gas company does not apply to the defendant city. In our opinion the city is not liable because the injury was too remote and because the city was engaged in a governmental function. The general rule is that municipal corporations are not liable in damages for negligence of their officers in the discharge of their duties when engaged in governmental functions, unless the liability is expressly imposed by law.
 
 (Harper v. City of Topeka,
 
 92 Kan. 11, 139 Pac. 1018 [51 L. R. A. (N. S.) 1932]). There have been cases before this court in which the municipality was held liable for negligence in carrying out, constructing, or maintaining municipal improvements.
 
 (Kansas City v. Slangstrom,
 
 53 Kan. 431, 36 Pac. 706;
 
 King v. City of Kansas City,
 
 58 Kan. 334, 49 Pac. 88;
 
 Wholesale Grocery Co. v. Kansas City et al.,
 
 115 Kan. 589, 224 Pac. 47.) In the Kang case it was said:
 

 “ ‘In such cases, however, if through any negligence in carrying out the plan or in constructing or maintaining the sewers, the property of a private owner is injured, a liability will arise.’
 

 “It will be noted, however, that the court in deciding those cases, did not consider or pass upon the question as to whether or not the city was engaged in a governmental function. There are numerous other cases dealing with the question of public streets, in which it has been held that the duty rests upon the city to maintain its public streets in a reasonably safe condition for travel. If the streets are not reasonably safe, there is liability on the part of the city. In the instant case it
 
 *106
 
 is argued that the construction of a sewer is a ministerial and not a governmental function, and that the city is liable for any tort committed in the performance of a ministerial function. We think not. The construction and maintenance of a sewer, in our opinion, is govermental as distinguished from ministerial or proprietary. We believe it the better and more reasonable rule to hold that (except in injuries arising from defects in streets or highways), the municipality is not liable when engaged in performing governmental functions. * * *
 

 “We are not unmindful of a contrary view held in
 
 Lockwood v. Dover,
 
 73 N. H. 209, [61 A. 32], where the question is well discussed, but think the rule above announced, that the construction of a sewer is a governmental function, is the better rule, and therefore the city is not liable. ”
 

 The judgment was affirmed as to the gas company, but reversed as to the city
 

 In
 
 Erickson
 
 v.
 
 Village of West Salem,
 
 205 Wis., 107, 236 N. W., 579, it was held in the syllabus:
 

 “Municipality is not liable for negligence of servants when performing governmental function or when relation between person injured and municipality is purely governmental. * * *
 

 “3. Village, in constructing ditch and sewer for benefit of all residents, acted in governmental capacity, and was not liable for negligence of servants in constructing or maintaining sewer.
 

 “4. Maintenance of ditch and sewer without guarding mouth of sewer did not involve creation of nuisance as to impose liability on village for death of boy.”
 

 The plaintiff claimed that the facts of the case brought it within a well-established exception, but the court held that the failure of the village to guard the mouth of the sewer at best would constitute either negligent construction or negligent maintenance, while
 
 *107
 
 acting in its governmental capacity, for which it was not liable.
 

 The duty of maintaining sewers, on the other hand, is generally held to be a ministerial function, and this was the basis of the decision in
 
 City of Portsmouth
 
 v.
 
 Mitchell Manufacturing Co., supra.
 
 It is also held that a city is liable even in the performance of a governmental function for the creation or maintenance of a nuisance, and this was the basis of the holding in the
 
 City of Salem
 
 v.
 
 Harding, supra.
 
 There is conflict in the cases with reference to liability for the construction of sewers. Thus in Connecticut it is held that the construction of a storm water sewer is a governmental function, but that the city is liable for failure to exercise due care in such construction, even though such work is done in performance of a governmental duty. This conflict undoubtedly arises from the effort of the courts in particular cases to avoid the drastic features of a strict application of the doctrine, and also because, as pointed out in the Kansas case,
 
 Foster
 
 v.
 
 Capital Gas & Electric Co., supra,
 
 the courts did not in those cases consider or pass upon the question whether the construction of sewers is a public function.
 

 Also in many cases, language concerning the construction of sewers is employed in the syllabi of decisions, which, when the facts are examined, establish a case of negligence in maintenance of sewers.
 
 Vanderslice
 
 v.
 
 City of Philadelphia,
 
 103 Pa., 102;
 
 Murphy
 
 v.
 
 City of Indianapolis,
 
 158 Ind., 238, 63 N. E.,
 
 469; City of Chicago
 
 v.
 
 Seben,
 
 165 Ill., 371, 46 N. E., 244, 56 Am. St. Rep., 245.
 

 It is argued in the instant case that there is a peculiar hardship in sustaining the demurrer to the petition and ruling that no liability arises under the facts pleaded therein. We are unable to see that the case constitutes any greater invasion of private rights, if as great, as the denial of liability in the case where a
 
 *108
 
 police patrol has run over a citizen, inflicting serious injury or possible death. And yet in such case there is no liability resting upon the city.
 
 Aldrich
 
 v.
 
 City of Youngstown,
 
 106 Ohio St., 342, 140 N. E., 164, 27 A. L. R., 1497.
 

 Since the preservation of the public health is a public and governmental function, and since the construction of sewers arises in the performance of that function, we reiterate that the construction and institution of a sewer system is a governmental matter.
 

 Without dissenting from the doctrine laid down in
 
 City of Portsmouth
 
 v.
 
 Mitchell Manufacturing Co., supra,
 
 or in
 
 City of Salem
 
 v.
 
 Harding, supra,
 
 the court does not intend to extend the construction of those decisions. Under the circumstances there can be no recovery, and the Court of Appeals was correct in affirming the judgment.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Kinkade and Stephenson, JJ., concur.