CRINO ET AL., APPELLEES, *v.* CITY OF CAMPBELL, APPELLANT.

(No. 2770—Decided October 31, 1941.)

*Messrs. Lewis, Levin & Cronin,* for appellees.

*Messrs. Hahn & Schumann* and *Mr. J. E. Julius,* for appellant.

CARTER, P. J. The parties will be designated as they were in the lower court.

The action below was one to recover damages which plaintiffs allege were caused to their building located within the city of Campbell. It is the claim of plaintiffs that the city of Campbell owns a certain piece of real estate, known as out lot number 25, which is located in the city of Campbell, and is maintained by the city as a public park, known as the city of Campbell public park and also known as Gordon Park. The petition also alleges that the plaintiffs are and were, at the time of the damage complained of, the owners of city lot number 525, which is located near the park in question; that upon their lot is located a building which is 42 feet in width and 50 feet in depth, constructed of brick,

three stories high; that the first floor thereof is to be used for store rooms and the second and third floors to be used for dwelling purposes; that there are two store rooms on the first floor, and seventeen rooms, forming four apartments, on the second and third floors; that in this park there is a stone quarry, which is owned and maintained by the city of Campbell, and is a part of the public park; that the city of Campbell permitted certain blasting operations to be carried on at and within the stone quarry for the purpose of removing stone therefrom to be used in making certain improvements in the city of Campbell; that this blasting continued for a period of approximately three years; that such blasting caused continued concussions and vibrations of the ground and in the atmosphere and the territory surrounding the park and for some distance therefrom; that such blasting constituted a nuisance in the park; and that the agents, servants and employees of the city were aware of these blasting operations in the park, and either carried on or permitted these operations to be carried on.

An answer was filed by defendant wherein it admits that it is a municipal corporation. It then denies each and every allegation and statement contained in plaintiffs' petition. The issues thus joined, the cause came on for trial to the court and jury resulting in a verdict and judgment in favor of plaintiffs in the amount of $2000. A motion for new trial was filed and overruled, and an appeal was prosecuted to this court.

There is no dispute that the defendant city owns the land in question, known as Gordon Park, that the park is dedicated to the public to be used for park purposes, and that the stone quarry in question is within the confines of the park. The blasting was carried on in this quarry to secure stone to be used in improvement of the streets in Campbell. The park consists of about thirteen acres of land, and approximately three and one-half acres contain stone.

It will be observed that the claimed damages sought are not for damages to property within the park, but to a building located some little distance away from the same. It is claimed by defendant that the stone quarry was, and is, no part of the park. From the evidence in the case we cannot concur in this contention. This stone was located within the park, and without doubt those frequenting this park might properly go over and about the stone quarry for the purposes of sight-seeing, if they saw fit. There were no signs or barricades of any kind erected preventing such use by the general public, and certainly there would be no violation of park regulations in visiting this quarry, at least there is no proof of any such prohibition by those having charge of the park. We therefore conclude that the blasting took place within the park, which of course is public ground.

It is urged that the trial judge was in error when he stated to the jury that the stone quarry was a part of the park and therefore public ground, in that such was a jury question. There was no error in this regard. In other words, there is no evidence that this stone quarry is not located within the park. All the testimony is to the effect that the quarry was at the time a part of the park.

"Under our law it is just as pernicious to submit a case to a jury and permit the jury to speculate with the rights of citizens when no question for the jury is involved, as to deny to a citizen his trial by jury when he has the right." *J. C. Penny Co., Inc.,* v. *Robison,* 128 Ohio St., 626, 193 N. E., 401, 100 A. L. R., 705.

The real issue in this case may be stated as follows: In the light of the pleadings and facts as disclosed by the record is the city liable? At common law a municipality was liable for the negligence of its officers, agents and employees when engaged in a proprietary capacity. This cannot be questioned. However, there was no liability on the part of the municipality at com-

mon law when it was acting in a governmental capacity. The line of demarcation between the two functions is at times somewhat difficult to determine. However, Section 3714, General Code, does impose liability in the instances therein enumerated while the municipality is acting in a governmental capacity. This was the purpose of the enactment of this section, and if the city at the time maintained a nuisance within this park in violation of Section 3714, General Code, and plaintiffs' property was damaged then the city would be liable provided such nuisance was the proximate cause of such damage.

Blasting is not *per se* a nuisance, but may become such when it is of such intensity as to damage property; and if the blasting in question damaged the building to any material extent, and there is evidence to that effect in the record, then and in that event the jury could very properly find that there was maintained at the time a nuisance within the park.

Now it is urged that this statute was not intended to protect either person or property not within the park, and we are frank to say that this question has given us some concern. In other words, assuming there was a nuisance maintained in the park and a person or property injured or damaged some distance away from the park by reason of blasting therein, might the municipality incur liability by virtue of the provisions of Section 3714, General Code? A careful reading of this section nowhere discloses that it is available only to persons and property damaged while in the park. The mandate, therein, is to the effect that public grounds must be kept free from nuisance. It is our conclusion that anyone suffering damages, either to himself or property, whether the injury or damage occurs in the park or outside as a result of a nuisance maintained within the park entails liability upon the municipality. Unquestionably the ground in question is the property of the city. In the case of *City of Tiffin*

v. *McCormack*, 34 Ohio St., 638, at page 643, 32 Am. Rep., 408, the court uses the following language:

"It only remains, therefore, to be considered whether the city of Tiffin, if the injury complained of had been inflicted upon the defendant in error, by its own act, would be liable for the damages. That a municipal corporation, as the proprietor of lands, would be responsible for an injury resulting from the use of its own property to an adjacent proprietor, to the same extent as if it were a natural person, is not questioned."

In other words, the rule *sic utere tuo ut alienum non laedas* applies. You must use your own property in such a manner as not to injure that of another. The court further held that one in possession of a parcel of land operating a mine or quarry upon it in such a manner as to injure or destroy the property of an adjoining proprietor cannot justify himself by showing that he used ordinary care in the use of his property. One cannot erect or maintain a nuisance to the annoyance of the adjoining property even for the purpose of lawful trade. In the *Tiffin case* the court upheld a verdict and judgment in favor of the plaintiff as against the city. It is true that in that case the land and buildings located therein were adjoining and contiguous with the stone quarry in question, while the land in question in the case at bar is not contiguous. However, we are not able to conclude that this distinction should vary the principle involved.

As to other cases and authorities throwing some light on the question presented we cite: *City of Cleveland* v. *Ferrando*, 114 Ohio St., 207, 150 N. E., 747; *Harris, Admx.*, v. *City of Findlay*, 59 Ohio App., 375, 18 N. E. (2d), 413; *Snider* v. *City of Youngstown*, 27 Ohio Law Abs., 231; *Schmitt* v. *City of Cheviot*, 31 N. P. (N. S.), 12; 28 Ohio Jurisprudence, 963, Section 608; 19 Ruling Case Law, 1084, 1140, Sections 371 and 416; 6 McQuillin, Municipal Corporations (Rev. 2 Ed.), 1026, 1108, Sections 2781 and 2812; *Louden* v. *City of Cincin-*

*nati,* 90 Ohio St., 144, 106 N. E., 970, L. R. A. 1915E, 356, Ann. Cas. 1916C, 1171.

"As a general rule, a municipal corporation is not liable for injuries to buildings on lots abutting upon streets and alleys, resulting from the improvements of such streets or alleys, or from their appropriation to a public use, provided its officers and agents, in making such improvements or appropriation, act within the scope of their authority, and without negligence or malice." *City of Cincinnati* v. *Penny,* 21 Ohio St., 499, 8 Am. Rep., 73.

"A city may grant permission to a lot owner to lay a private sewer in a public street, but neither at common law nor under the statute could it authorize a nuisance, and at common law as well as under the statute it would be liable for damages resulting from its negligence in not abating a nuisance on land in its possession and under its control." *City of Mansfield* v. *Bristor,* 76 Ohio St., 270, 277, 81 N. E., 631, 118 Am. St. Rep., 852, 10 L. R. A. (N. S.), 806.

As we view this case it is immaterial whether the city in the case at bar was acting at the time in a governmental or proprietary capacity. If under the former, liability is imposed by reason of the provisions of Section 3714, General Code. If acting in a proprietary capacity, the city would be liable under the cases cited *supra* by virtue of being the owner of the property. In either event liability attaches.

The questions as to whether there was a nuisance maintained in this park at the time in question, whether there was damage to the building, and whether the nuisance was the proximate cause of the damage to plaintiffs' buildings were jury questions. These were resolved by the jury in favor of plaintiffs, and we are not inclined to disturb this finding and judgment thereon.

*Judgment affirmed.*

PHILLIPS and NICHOLS, JJ., concur.