**RATLIFF, Plaintiff, v. AKRON (City), Defendant.**

Common Pleas Court, Summit County.

No. 209695. Decided March 17, 1959.

Howard Calhoun, Akron, for plaintiff.
John Zerbe, Asst. Law Director, Howard Walker, of Counsel, Akron, for defendant City of Akron.

## OPINION

By WATTERS, J.

The petition was filed against Hunkin-Conkey Construction Company and the City of Akron. In the meantime said defendant company has been dismissed, and the case came on for trial upon the original petition, but against the City only. The petition originally charged joint and concurrent negligence.

The defendant, City of Akron, before opening statement moved for judgment on the pleadings.

Plaintiff, in substance, eliminating the former defendant company, charges that the defendant, City of Akron, on and prior to November 15, 1956, owned and operated the Akron Sewage Disposal Plant located in Peninsula, Ohio.

On and prior to said date the Hunkin-Conkey Company was engaged as general contractor in constructing various improvements upon said property owned by the defendant, City of Akron.

On the above mentioned date, plaintiff was employed by the Howe Construction Company, which company was engaged under sub-contract to the said Hunkin-Conkey Company in certain work on said premises.

At approximately 8:30 a. m. on said date, plaintiff was engaged in

disassembling and removing certain scaffolding on said premises in the vicinity of a certain pit or excavation hereinafter referred to.

As a result of the negligence of the defendant City, as hereinafter set forth, plaintiff was precipitated into said pit, where he fell violently upon his head, neck and shoulders, and, as a result of which fall he sustained * * *." (Here follows his claims of injuries, etc., in detail.)

(As stated hereinbefore, originally the plaintiff claimed the then defendant company and the City were jointly and concurrently negligent.)

**Then follows,** in substance, "All of the above injuries and damages to plaintiff were the proximate and direct result of the joint and concurrent negligence of the defendants." (This was the original petition with the company in as a defendant. Here now the word **"defendants"** would be out and it should be read): "Defendant, City of Akron, and the Hunkin-Conkey Company, as follows:"

Then follows the allegations of negligence as follows:

1. In failing to provide plaintiff with a reasonably safe place in which to work;

2. In digging and constructing the aforementioned pit and in failing to warn plaintiff of its presence;

3. In failing to erect suitable barriers to prevent plaintiff from falling into said pit;

4. In failing to cover said pit and permitting same to remain uncovered in proximity to the area in which the defendant(s) knew plaintiff was engaged in the above described activity;

5. In failing to provide adequate and safe scaffolding.

Then follows the prayer.

In its answer the defendant, City of Akron, admits that at the times in question it owned and operated the sewage disposal plant at Botzum, and that the Hunkin-Conkey Construction Company was engaged as a contractor in performing certain work thereon.

The answer then denied all other allegations of the petition.

The City, in its brief, claims that actually the Howe Construction Company, the plaintiff's employer, was not a sub-contractor under the Hunkin-Conkey Construction Company, but was itself a prime or general contractor to the City, engaged in a separate and distinct project than was Hunkin-Conkey, and that it was operating in an area remote from Hunkin-Conkey, and was in the course of constructing the pits or tanks into one of which the plaintiff fell.

**Hutchinson v. City of Lakewood, 125 Oh St 100, 180 N. E. 643** "The construction of a sewer by a municipality is a governmental function, and no liability arises against such municipality, in the absence of statute, for negligence in the performance of that function."

See also 28 O. Jur., page 98, paragraph 63. Also **City of Salem v. Harding, 121 Oh St 412, 169 N. E. 457.**

See **Standard Fire Insurance Company v. Fremont, 164 Oh St 344, 131 N. E. 2d 221.** Holds that the City in repairing or improving streets is engaged in a governmental function.

See **Broughton v. Cleveland, 167 Oh St 29, 146 N. E. 2d 301, 302,**

"[T]he collection of garbage [is] a governmental function (see syllabus)."

See **City of Norwood v. Sheen, 43 Oh Ap 339, 183 N. E.** 177, to the effect that disposal of sewage is a governmental function.

**Davis v. Charles Shutrump & Son (City of Youngstown), 140 Oh St 89, 42 N. E.** 2d 663, 664.

Syllabus (2): "A municipality, while engaged in the improvement of its streets, including the erection of bridges thereon." (And it could be here added, "and in the erection or improvement of a sewage disposal plant") "is engaged in the performance of a governmental function, and in the absence of statutory provision to the contrary there can be no recovery against such municipality by reason of its negligence in the construction of a bridge on one of its public streets."

Syllabus (4): "In an action by a contractor's servant against a contractee (City) for injuries resulting to such servant because of the condition of the premises of the contractee (City), it is a valid defense that the conditions by which the injury in question was occasioned were known to and appreciated by the plaintiff, and that as a consequence he is chargeable with an implied assumption of the risks arising from those conditions." (Emphasis by this court.)

It may be stated generally that the owner may become liable to the employee of an independent contractor, under contract with the owner, to perform certain work on the premises, if the owner fails to warn of some unusual hazard or danger upon the premises not apparent to the contractor's workers or employees.

See **Schwartz v. General Electric, 163 Oh St 354, 126 N. E.** 2d 906, 907 Syllabus (1). Where an owner of premises engages an independent contractor to do work thereon an employee of the contractor while performing the work is on the premises impliedly as an invitee of the owner, and the owner owes the employee the duty of exercising ordinary care to maintain the premises in a reasonably safe condition for use, **this duty not extending, however, to any inherent hazards necessarily present because of the character of the work to be done."**

A similar rule was laid down by the Supreme Court of Ohio in **Weilman v. East Ohio Gas Company, 160 Oh St 103, 113 N. E.** 2d 629. which held, in substance, that where an employee of an independent contractor is injured as an incident to the performance of the work to be and being done, no liability attaches to the owner. See Syllabus (1).

In the first place, the defendant City was engaged in a governmental function from which no liability attaches due to the City's negligence, if any.

There is no allegation that the pit was a latent or concealed hazard.

There is no allegation that said pit or hazard was not inherent in, or part of, the work being done by plaintiff's employer and plaintiff.

Plaintiff does not allege that the City exercised any control over, or participated in, the work.

The defendant City is entitled to and is awarded judgment on the pleadings. To which the plaintiff excepts.

Counsel will prepare the necessary entry.