# CHARLESTON

## GORDON *v.* ELMORE.

Submitted March 14, 1911.   Decided October 29, 1912.

1. EXPLOSIVES—*Liability of Contractor—Blasting.*

    A railroad contractor who negligently blasts rock on the land through which the right of way on which he is working has been condemned is not absolved from damages by a removal of the rock therefrom. (p. 197).

2. SAME.

    Where a contractor in constructing a railroad through land from which the right of way has been taken by condemnation

71 W. Va.

'does the work prudently and carefully in relation to the land owner, removal, in a reasonable time, of the rock necessarily falling on the 'land will absolve him from damages; but if he negligently leaves' such rock on the land an' unreasonable time, he is liable for injury caused by his negligence in the premises. (p. 197).

3.   NEW TRIAL—*Erroneous Instructions.*
   The giving of an instruction which binds the jury to eliminate from consideration a ground of recovery on which plaintiff, from one phase of the evidence, might recover, is plainly error warranting a new trial.   (p. 198).

(WILLIAMS, JUDGE, dissenting).

Error to Circuit Court, Mercer County.

Action by M. Gordon against Mike Elmore. Verdict for defendant. From an order granting a new trial he brings error.

*Affirmed.*

*Woods & Martin* and *Williams & Williams,* for plaintiff in error.

*Ritz & Ritz,* for defendant in error.

ROBINSON, JUDGE:

In an action for the recovery by plaintiff of damages arising from the negligence of defendant, a railroad contractor, in blasting rock so as to throw it on plaintiff's houses, cattle and land, a verdict of the jury for defendant was set aside by the trial court and a new trial awarded. Defendant contends that he was entitled to a judgment on the verdict. The evidence, if rightly submitted to the jury, would support the verdict in his favor. It is conflicting; the jury were the judges of the facts. Shall we reverse and enter judgment for him? Not unless the court at the trial committed no error to the prejudice of plaintiff. *Robinson* v. *Kistler,* 62 W. Va. 489.

The right of way for the railroad on which the defendant contractor was working had been condemned through the land of plaintiff. So principles enunciated in *Watts* v. *Railway Co.,* 39 W. Va. 196, apply in this case.

Five instructions were given to the jury at the instance of defendant. We find two of them to be bad and so prejudicial to plaintiff as to justify the action of the court in setting aside the verdict and awarding a new trial. In all other particulars

we find the record free from error that would warrant a dis-
turbance of the verdict.

Instruction No. 1 is as follows: "The Court instructs the
jury, that if they believe from the evidence that the defendant
in the construction of the railroad through the lands of the
plaintiff, did throw, or cause to be thrown, rocks on the plain-
tiff's lands, *as charged in the declaration,* and shall further be-
lieve from the evidence that after said rocks were so thrown
on said lands, that the defendant, through his authorized agent,
offered to remove said rocks from said land, and was wrongfully
prevented from so doing by the plaintiff, or her husband, H.
Gordon, her agent, then the jury will find for the defendant
so far as any claims for damages on account of said rocks so
thrown on said lands are concerned."

This instruction is clearly bad. The italics are ours; they
are indicative. The instruction in effect told the jury, that
if defendant negligently threw the rock on the land, they could
give plaintiff no damages therefor if defendant offered to re-
move the rock and was prevented by plaintiff from doing so.
This is not the law. If defendant negligently threw the rock on
the land, removal of the rock therefrom would not excuse him
from damages. Removal might mitigate the damages, but it
would not absolutely absolve the wrongdoer. This instruction
told the jury that defendant's removal of the rock would totally
relieve defendant from damages for wrongfully throwing the
rock on the land. Under principles of *Watts* v. *Railway Co.,*
*supra,* one is absolved from damages by his removal of rock, dirt,
or debris thrown by him on land in constructing a railroad,
from which land the right of way has been taken by condemna-
tion, only when the work of construction is carefuly and pru-
dently done in relation to the land owner. He is not absolved
on that account when the work has been negligently done.

An instruction embodying the proposition that removal in
a reasonable time would save defendant from damages if the
work of construction was prudently and carefully done would
have been proper in the case, from one phase of the evidence.
But clearly the instruction does not meet that phase, for it
does not contain the condition of prudence and care in doing
the work, nor the condition of reasonable time as to removal. To

say the least, the instruction tended to mislead the jury to the prejudice of plaintiff.

Instruction No. 3 is as follows: "The Court instructs the jury that if they believe from the evidence that the damages claimed by the plaintiff in this case arose from and was caused by the construction of a railroad through the plaintiff's land over the right of way through her lands which had been condemned by the Deepwater Railroad Company, as shown by the judgment of the Circuit Court of Mercer County, in the condemnation proceedings of the Deepwater Railroad Company *vs.* M. Gordon, and which was read in evidence to the jury, then the plaintiff cannot recover in this action until and unless the jury shall believe from a preponderance of evidence that such damages, if any, was sustained by the plaintiff, by the negligence and unskillful and careless way and manner in which the defendant prosecuted the work of constructing said railroad and the burden of proving such negligence on the part of the defendant is on the plaintiff."

Here the jury were told that they could not find for plaintiff unless she was damaged by the negligent and careless way in which defendant prosecuted the work of building the railroad. There was evidence tending to support a finding that though the work of building the railroad was done carefully and prudently, still in the particular of allowing the rock to remain on the land defendant was negligent to plaintiffs injury. This instruction ignored entirely this phase of the evidence. It bound the jury to a sole consideration of the manner in which the direct work of railroad building was performed. It ignored an element of damages which plaintiff was entitled to have considered—the negligent act of leaving rock on the land, though the work by which the rock were thrown there was done ever so carefully. On that element, if on no other, plaintiff might recover in this case under one view which the jury might take of the evidence. Certainly an instruction which bound the jury to eliminate from consideration such ground of recovery was much to her prejudice.

Plaintiff, because of erroneous submission of the case to the

jury, is entitled to a new trial. The order awarding it will be affirmed.

*Affirmed.*