HEILMAN ET AL. v. THE FRANCE STONE CO.

*Real property—Trespass by adjoining owner conducting blast-
ing operations—Injunction—Blasting not interfering with
peaceful enjoyment, can not be enjoined—Unlawful inva-
sion of property rights enjoined, although damages not
substantial.*

1. A corporation engaged in working a stone quarry, which,
   through the operation of blasting, invades the rights of
   an owner in possession of adjoining real estate, by inter-
   fering with his enjoyment thereof, either by throwing
   stones and missiles upon it, or by concussion, is guilty of
   trespass, or a wrongful act in the nature of trespass, as
   fully as if he had committed trespass by entry.
2. Blasting, which causes only trifling concussion, and results
   in no injury to the property, and does not interfere with
   the peaceable enjoyment of adjoining property by the
   owner in possession thereof, can not be enjoined.   On the
   other hand wrongful acts of blasting, which are continuous
   and severe enough to constitute a wrongful invasion of the
   property rights of an adjoining owner in possession, even
   though the damages are not substantial, may be enjoined.

(Decided March 23, 1925.)

ERROR: Court of Appeals for Lucas county.

*Mr. Benjamin F. James,* for plaintiffs in error.
*Messrs. Brown, Hahn & Sanger,* for defendant
in error.

WILLIAMS, J.   The plaintiffs in error were
plaintiffs below, and the defendant in error was
defendant below, and will be referred to in this
opinion as plaintiffs and defendant.

[1] Adjoining Landowners, 1 C. J. § 9; Explosives, 25 C.
J. § 18; Trespass, 38 Cyc. p. 996; [2] Adjoining Landowners,
1 C. J. § 13; Injunctions, 32 C. J. § 22.

Plaintiffs filed their petition in the court of common pleas, setting forth facts tending to show that their real estate was in close proximity to a stone quarry operated by the defendant, and that the defendant, in blasting out stone in its quarry by means of dynamite, caused rocks, stones and debris to be thrown from time to time on adjoining premises and on the premises of plaintiffs, and also caused injury to property by means of concussion through such explosions, and that such acts on the part of the defendant were continuous. No answer was ever filed to the petition. The case was finally submitted upon the affidavits of different persons, and we may assume that the petition of the plaintiffs, which was positively sworn to, was also treated as an affidavit in that hearing. The court dismissed the petition at plaintiffs' cost, and entered final judgment. Thereupon the plaintiffs filed their petition in error in this court, together with a bill of exceptions, setting out the various affidavits. The bill of exceptions contains a certificate that the affidavits constitute all the evidence offered on the trial below.

The only alleged error that is presented for consideration involves the question whether the court below properly overruled the motion of the plaintiffs for a new trial, based on the ground that the decision and judgment of the court were manifestly against the weight of the evidence.

We think the law as to what constitutes actionable trespass by blasting is well stated in the case of *Louden* v. *City of Cincinnati,* 90 Ohio St., 144, 106 N. E., 970, L. R. A., 1915E, 356, Ann. Cas., 1916C, 1171, and we quote the first paragraph of the syllabus:

"The use of high-power explosives in making excavations of rock and earth is a lawful method of accomplishing that purpose, but where dirt and stone are thrown by the force of the blast upon the property of another, or where the work of blasting is done in such proximity to adjoining property that regardless of the care used the natural, necessary or probable result of the force of the explosion will be to break the surface of the ground, destroy the buildings, and produce a concussion of the atmosphere, the force of which will invade the adjoining premises, injuring the buildings thereon and making them unfit and unsafe for habitation, the person or corporation making use of such explosives will be liable for the damage proximately and naturally resulting therefrom, irrespective of the question of negligence or want of skill in the blasting operations."

This rule of law is obviously based upon the theory that an invasion of the rights of an owner of real estate by interfering with his enjoyment thereof, through an explosion, either by throwing missiles upon it or by concussion, is as much a trespass as wrongfully going upon it, and, as a continuing trespass may always be enjoined, hence continued wrongs of the character claimed by plaintiffs would be such an invasion of their rights by the defendant as would warrant equitable relief by way of injunction.

In *Newcombe* v. *Irwin,* 55 Mich., 620, 22 N. W., 66, it was held:

"To disturb a peaceable possession by force is a trespass, irrespective of ownership."

The opinion in this latter case is by Judge

Cooley, and the language above quoted is found in his opinion.

Whether or not we are successful in establishing by a process of logic that disturbing the peaceable possession of property through blasting, either by concussion or throwing stones thereon, is technically a trespass, we may concede that such wrongful acts are upon exactly the same basis as trespass by entry, and the right to equitable relief by way of injunction against such acts should rest likewise upon the same basis. We think the rule with reference thereto is properly stated in the syllabus of the case of *Lembeck* v. *Nye,* 47 Ohio St., 336, 24 N. E., 686, 8 L. R. A., 578, which we quote:

"Where numerous acts are being committed, and their continuance threatened, under a claim of right, by one person on the land of another, which acts constitute trespass, and the injury resulting from each act is, or would be, trifling in amount as compared with the expense of prosecuting actions at law to recover damages therefor, the owner may resort, in the first instance, to a court of equity for appropriate relief."

In the case of *Pollock* v. *Cleveland Shipbuilding Co.,* 56 Ohio St., 655, 47 N. E., 582, it was held that the right to relief by injunction against continued trespasses should not be denied because the trespasses in themselves seemed trifling. We quote from the opinion at page 674 (47 N. E., 585):

"The very fact that the trespasses are in themselves trifling, and the damage, if any, so small that suits at law to recover would be impracticable, affords an additional reason for granting an injunction."

Blasting,. however, which causes only trifling concussion, results in no injury to property, and does not interfere with the peaceable enjoyment of adjoining property by the owners and occupants thereof, should not be enjoined. On the other hand, wrongful acts of blasting, which are continuous and severe enough to constitute a wrongful invasion of the property rights of adjoining owners, may be the basis of injunction, even though the damages are not substantial in amount. Every owner of land has a right to the peaceable enjoyment of it, free from wrongful, forcible invasion by an adjoining owner.

While there are affidavits of property owners in the vicinity tending to show that they were not greatly disturbed by the operation of the quarry, a large number of witnesses testified by affidavit that those in the vicinity were annoyed from time to time, and more or less continuously, from the operation of the quarry, by flying stones and by concussion which resulted from the large charges of dynamite used in connection with blasting in defendant's quarry. These claims of plaintiffs, so far as the throwing of stones by blasting is concerned, are not contradicted, and counsel for defendant has frankly stated in court that it is impossible to produce any evidence to directly contradict such statements of fact contained in the affidavits.

As shown by the evidence, there were such continued trespasses upon the plaintiffs' property, as would entitle plaintiffs to relief, and, while the trial court would not have been justified in enjoining the defendant from the operation of its quarry,

we think the evidence would have warranted a judgment on its part enjoining the defendant from causing an injury by blasting to the real property described in the petition, and to the buildings thereon, through concussion, and from hurling stones or other missiles, objects, or debris, onto said real estate and buildings thereon, by or through blasting.

Counsel for defendant claim that the court below properly refused an injunction and dismissed the petition, because it did not appear from the evidence that there was a probability that the defendant would, in the future, exceed its rights in major blasting at its quarry. While we are satisfied from the very frank affidavit in the cause below by the operating manager of the defendant company that the company has inflicted no intentional injury upon the property of any of the nearby residents, we do believe that the evidence shows such a probability of injury to plaintiffs' property by a continuation of the operation of the quarry as warrants the relief prayed for. 32 Corpus Juris, 42.

For the reason stated, the decision and judgment of the court below are manifestly against the weight of the evidence. The judgment of the court below is reversed, and the cause remanded, for further proceedings according to law and equity.

*Judgment reversed and cause remanded.*

RICHARDS and YOUNG, JJ., concur.