WILLIAM T. THOMPSON, TRADING, ETC., PLAINTIFF, v.
JANNARONE CONTRACTING COMPANY, DEFENDANT.

Submitted October term, 1927—Decided March 19, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and
LLOYD.

For the plaintiff, *Heine, Bradner & Laird.*

For the defendant, *Frank G. Turner.*

PER CURIAM.

This suit was brought to recover damages for injuries
done to the plaintiff's land. The tract of land alleged to have
been injured is located in the township of West Orange, county
of Essex. It consists of thirty-three acres on the first Orange
Mountain laid out as, and to be used as, a golf course. The
injuries to the land were done between April 6th and August
4th, 1925, by blasting rocks on a road or highway known as
Prospect avenue, West Orange, along the front and adjacent
to the plaintiff's land. The allegation is, the defendant threw
and permitted rocks, stones and earth to be cast upon the
plaintiff's land causing injury to the same and particularly
to the second, third, fifth, eighth and ninth courses on holes
of the plaintiff's golf course, thus injuring plaintiff's prop-
erty as a golf course.

The trial of the case resultd in a verdict for the plaintiff
for $7,558.43. The defendant obtained a rule to show cause

and writes down twenty-four reasons for a new trial. It would serve no useful purpose to discuss these reasons in detail, as our reading them, with the record and the briefs of the respective counsel, leads us to the conclusion that they are without legal merit. The rule to show cause should be discharged.

It may not be amiss, however, to refer to three of the reasons, viz.—*First,* the verdict is excessive. Not so. It is rather conservative under the proofs as we read them. *Second,* error in striking out the first separate defense, *i. e.,* the blasting was done in a careful and proper manner. This is not a defense to an action of trespass. If unlawful in its own nature, it must continue to be so, however carefully or skillfully it may be done. *Bruch* v. *Carter,* 32 *N. J. L.* 562. *Third,* error in striking out the second separate defense, *i. e.,* the defendant was performing, under contract, governmental duties for the county of Essex, a municipal corporation of the State of New Jersey. This is not a defense. *Whitla* v. *Ippolito,* 131 *Atl. Rep.* 873. As stated by the trial judge, notwithstanding the fact that the work was being done for a municipal authority, which might not, itself, be liable for such damage, and that it was being done for the benefit of the public. The defendant contractor caused the direct damages to the plaintiff, he must respond in damages. The action of trespass is a possessory action, the one in possession is the apparent owner and entitled to maintain the action. *Lehigh, &c., Railway Co.* v. *Antalics,* 81 *N. J. L.* 685.

The other reasons for a new trial are all alleged trial errors in which we find no sufficient reason for disturbing the verdict of the jury.

The rule to show cause is therefore discharged.