FOTI v SAIN

AKRON (City) v SAIN

Ohio Appeals, 9th Dist, Summit Co

Nos 1644, 1648. Decided June 24, 1929

Messrs. Rockwell & Grant, Akron, for Sain in Case No. 1644

Messrs. Smoyer & Smoyer & A. B. Underwood, all of Akron, for Foti.

Mr. A. B. Underwood, Akron, for Sain in Case No. 1648.

Messrs. Smoyer & Smoyer, Rockwell & Grant, all of Akron, for City.

536

**WASHBURN, J.**

On the issue in reference to the claimed negligence of Foti, the court gave the usual and ordinary charge, and no complaint is urged in reference thereto. The complaint made is that the court permitted a recovery even if the jury failed to find that Foti was negligent in the premises.

It is pointed out that no claim is made in the petition that the natural, necessary or probable result of doing the work would be to endanger or injure persons using the street, but that the case made in the petition was one which was based upon negligence in blasting; and it is claimed that the facts did not establish such negligence and that therefore no recovery was warranted.

The petition alleged in substance, and the evidence established beyond peradventure, that Foti, by the means employed by him in prosecuting said work, threw a stone against plaintiff when he was lawfully upon the street, where he had a right to be, and thereby committed an actual assault or trespass upon the plaintiff.

The jury in this case at least found, and were justified in finding (although not required to so find in order to establish a liability against defendants), that the work being done by Foti was of such a nature and character, by reason of the blasting, that the natural or probable result would be to endanger and injure persons lawfully using the public streets in that vicinity; and we think that it is settled in Ohio that under such circumstances Foti would be liable for the trespass or assault he committed upon plaintiff and that it would be no defense for him to show that ordinary care was exercised by him in the manner in which the blasting was done.

**Louden v. City of Cincinnati, 90 OS. 144.**

The rule announced in the foregoing case is applicable to cases where the injury is to persons lawfully upon public streets; where high-power explosives are used in making excations in a public street and the blasting is done in a location where it is dangerous to persons lawfully upon the street, and stones thrown by the blast hit such persons who are themselves free from negligence, the person or corporation carrying on such dangerous work is liable irrespective of the question of negligence. Such liability arises from the dangerous character of the work and the resultant actual assault or trespass, rather than from the manner in which the work is performed.

While not fully approving of all that the court said, we find no error prejudicial to plaintiff in error in the charge of the court respecting the liability of Foti.

On behalf of the city, complaint is made because the court charged that the city would be liable if Foti was liable.

We think that the court was fully justified in charging as it did.

**Tiffin v. McCormack, 34 OS. 638.**

It is strenuously urged that the plaintiff was only slightly injured and that the verdict was wholly out of proportion to the injuries shown, and that the disproportion is so great as to indicate passion or prejudice on the part of the jury.

The testimony on behalf of the plaintiff as to the character and extent of the injuries suffered by him consist of the testimony of himself, the members of his family, and a physician who was called immediately after the accident and treated him for considerabble time thereafter, and a doctor who made a thorough examination of him and testified as an expert; and the contrary evidence was given by two witnesses who saw him immediately after the accident but who had little opportunity to observe him thereafter, and three doctors who examined him and testified as experts.

There is a marked discrepancy between the testimony of the attending physician and those who saw the plaintiff immediately after the accident, including the members of his family; and from all the testimony in the case, it is quite evident that the attending physician was in error as to the plaintiff being in an unconscious condition. There is also a conflict in the testimony of the experts pro and con as to whether the boy suffered an injury to his brain; but considering all of the evidence, we are unable to say that the jury was manifestly wrong. There is nothing in the record to indicate bias or prejudice on the part of the jury, and we are not unanimously of the opinion that the judgment in amount is clearly against the weight of the evidence.

Funk, PJ, and Pardee, J, concur.