JOHN KALAJIAN AND DOOTY KALAJIAN, PLAINTIFFS-RE-
SPONDENTS, v. VICTOR CELIDONIA, INCORPORATED,
A CORPORATION, DEFENDANT-APPELLANT.

Submitted October term, 1934—Decided February 6, 1935.

Before Justices LLOYD, CASE and DONGES.

For the plaintiffs-respondents, *John W. Ockford.*

For the defendant-appellant, *John B. Zabriskie.*

The opinion of the court was delivered by

CASE, J.   Plaintiffs sued defendant in the District Court
of the Second Judicial District of the county of Bergen for
damages alleged to have been inflicted upon plaintiffs' build-
ing by blasting operations conducted by defendant on the
adjoining premises.   Trial was had before the court and a
jury and resulted in a verdict for plaintiffs.   Defendant,
appealing from the judgment entered thereon, sets up as
errors, first, the refusal of the court to nonsuit and, second—
comprehensive of the first—the refusal of the court to direct
a verdict in favor of the defendant.   Defendant's argument
on the appeal is built on the assumption that the damages
suffered by plaintiffs were the result of concussion and relies,
so far as concerns the decisions of this state, upon *Simon* v.
*Henry,* 62 *N. J. L.* 486; 41 *Atl. Rep.* 692, wherein recovery
was sought for damages caused by concussion and Mr. Justice
Dixon said:

"In *Booth* v. *Rome, Watertown and Ogdensburg Railroad
Co.,* 140 *N. Y.* 267, and in *French* v. *Vix,* 143 *Id.* 90, it was
held that the temporary use of explosives in the blasting of
rock, provided reasonable care be exercised, is lawful, and

damage resulting from concussion thereby produced is *damnum absque injuria*. We find no contrary decision."

Plaintiffs' further contention is that defendant proved no negligence. In the instant case there is evidence that rocks were thrown by the explosions into plaintiffs' house, passing through and breaking windows, thus doing measureable damage. *Thompson* v. *Jannarone Contracting Co.,* 6 *N. J. Mis. R.* 320; 141 *Atl. Rep.* 25, held that the casting of rocks upon another's land by blasting is a trespass and that, if unlawful in its own nature, it continues to be so, however carefully or skillfully it may be done. The complaint in the present action grounds, not in trespass, but in negligence, chiefly negligence in the employing of workmen and in the manner of discharging the blasts, and therefore does not quite come within the holding in *Thompson* v. *Jannarone Contracting Co., supra,* but the cited testimony is sufficient, we think, in conjunction with and in contradiction of testimony produced by the defendant as to the proper manner of doing the work and the way in which it actually was done to take the question of negligence to the jury, *Whitla* v. *Ippolito,* 102 *N. J. L.* 354; 131 *Atl. Rep.* 873.

We find no error in the questioned rulings and therefore conclude that the judgment below should be affirmed.