RENO DALLAS, *Doing Business as the Steubenville Plate and Window Glass Company*, *v.* S. P. WHITNEY *et al.*

(CC 563)

Submitted November 10, 1936. Decided December 8, 1936.

*James S. Kimble* and *Pinsky & Mahan,* for plaintiff.
*Handlan, Garden & Matthews* and *Lester C. Hess,* for
defendants.

KENNA, JUDGE:

This case is certified from the Circuit Court of Brooke
County upon an order overruling the demurrer to plain-
tiff's declaration. The purpose of the action was to re-
cover damages alleged to have been caused at the plain-
tiff's storeroom in Steubenville, Ohio, by blasting done
in connection with road work in which the defendants
were engaged upon State Route No. 2 at or near East
Steubenville in Brooke County. The declaration alleges
that in connection with their road work, the defendants
were using nitroglycerin, dynamite and other explosives
and that it became their duty to exercise ordinary care,
commensurate with the dangerous character of such
explosives, but that they failed to do so; that the nitro-
glycerin, dynamite and other explosives exploded with
such great force and violence that the plate glass of the
plaintiff stored in the room occupied by him in Steuben-
ville, Ohio, was destroyed, to the plaintiff's damage. The
points arising upon the demurrer and certified to this
court are the following:

> *"First*: The declaration is defective in that it
> fails to show by factual allegation any duty

owing by these defendants, or any of them, to the plaintiff herein.

"*Second*: The declaration is defective in that it fails to allege by factual allegation any breach of any duty owing to this plaintiff by the defendants, or any of them.

"*Third*: The declaration is defective in that it fails to show that any alleged negligence of these defendants, or any of them, was the cause of the plaintiff's alleged injury.

"*Fourth*: The declaration is defective in that it alleges negligence generally and fails to specify with reasonable certainty the main or primary act of commission or omission allegedly causing damage to the plaintiff.

"*Fifth*: The declaration is defective in that it fails to state a cause of action against these defendants, or any of them.

"*Sixth*: The declaration is defective in that it is vague, indefinite, ambiguous and uncertain.

"*Seventh*: And for other reasons apparent on the face of the declaration."

In deciding the substantive questions certified, it becomes important first to ascertain whether it is the law of the State of West Virginia or the law of the State of Ohio that governs. The rule seems to be that where a cause is put in motion in one jurisdiction that results in injury in another, the law of the latter jurisdiction is the law by which the substantive rights of the parties are to be determined. Many cases could be cited to sustain this statement (which, of course, is to be distinguished from the question of where suit may be brought), but the case of *Cameron* v. *Vandergriff*, 53 Ark. 381, 13 S. W. 1092, is perhaps more nearly in point with the case at bar than any other. In that case, a recovery was sought in the State of Arkansas for injuries which the plaintiff sustained in that state by reason of being struck by a rock from a blast which occurred in the Indian Territory. The Supreme Court of Arkansas held that the cause of action arose in the State of

Arkansas. This seems to be the rule sustained by clear-ly preponderating authority. See Beale on Conflict of Laws, Vol. 2, p. 1287, par. 377.2; Goodrich on Conflict of Laws, p. 191; 5 R. C. L., subject Conflict of Laws, p. 1038, par. 129. Of course, this rule, being based upon comity, is subject to the exception which prohibits its enforcement where the public policy of the forum runs counter to the law of the place where the injury resulted. We think there is no basis upon which the exception could be made in this case.

The Supreme Court of the State of Ohio, in the case of *Louden* v. *The City of Cincinnati*, 90 Ohio St. 144, 106 N. E. 970, L. R. A. 1915E, 356, Ann. Cas. 1916C, 1171, held that where the work of blasting is done in such proximity to other property that, regardless of the care used, the natural, necessary, or probable result of the force of the explosion would be to break the surface of the ground, destroy the buildings and produce a concussion of the atmosphere, the force of which will invade the property of another, injuring the buildings, a recovery might be sustained for trespass, regardless of the question of negligence. That case, it seems to us, is authority for holding the declaration before us good in so far as the substantive rights declared upon are concerned. We have been unable to find any case in the Supreme Court of Ohio holding that it is necessary to allege and prove negligence in order to recover for damages sustained from the use of high explosives. The effect of the decision last referred to, as well as other Ohio cases, seems to be to treat the matter as a trespass, whether the injury result from atmospheric vibration or from the throwing of rocks and other substances by the force of the explosion. See *Heilman et al.* v. *Frantz Stone Co.*, 20 Ohio App. 261, 151 N. E. 798, which was an injunction case involving substantially the principles under discussion. It is true that the declaration before us is framed upon the negligence theory, but we are of the opinion that, treating the negligence allegation as surplusage, it contains sufficient allegation to sustain proof on the theory of trespass.

But, in our opinion, the vice of this declaration lies in the fact that, having sufficiently alleged facts giving rise to the duty on behalf of the plaintiff, the breach of that duty and the resultant trespass, it fails sufficiently to aver that the damage resulted to the plaintiff therefrom. It simply says that the explosives went off "with such great force and violence that the plate glass of the plaintiff's store in the storeroom aforesaid was shattered," etc. Substantially the same sort of averment was held bad by this court in *Ironton Lumber Co.* v. *Guyandotte Timber Co.*, 68 W. Va. 358, 69 S. E. 815, 816. There, the allegation was that "thereafter because of the negligence of the said defendant, and the improper conduct of said defendant in using the river the plaintiff lost all of its timber." We are therefore of the opinion that the declaration before us is bad on demurrer in the respect pointed out.

For the reasons stated, the declaration before us is held good with respect to all of the certified points with the exception of the third. The third point is based upon negligence, and we have found that under the law of the State of Ohio, it is unnecessary to aver and prove neligence, but that recovery may be had upon the theory of trespass. As has been pointed out, however, we are of the opinion that the declaration before us does not sufficiently show that the injury to the plaintiff's property resulted from the trespass of the defendant, although that trespass itself is sufficiently averred.

The order of the Circuit Court of Brooke County overruling the demurrer to the plaintiff's declaration must be reversed, the questions certified answered in accordance with this opinion, and the case remanded for further proceedings with leave to the plaintiff to amend its declaration.

*Reversed and remanded.*