BLUHM, APPELLEE, *v.* BLANCK & GARGARO, INC.,
APPELLANT.

(Decided November 10, 1939.)

*Mr. T. E. Lewis* and *Mr. J. M. Lewis,* for appellee.
*Messrs. Hamilton, Kramer & Wiles,* for appellant.

HORNBECK, P. J.   Plaintiff instituted his action in the Common Pleas Court against the defendant for the recovery of property damages resulting from blasting operations conducted by the defendant as contractor in the construction of a sewer by the city of Columbus along an alley adjacent to the real estate of the plaintiff.

It is specifically averred in the amended petition that "on or about October 1, 1935, and for about three weeks thereafter, the defendant, while constructing said tunnel, loosed and removed the earth and rock therein by means of blasts of high powered explosives which said blasts of said explosives produced violent concussions and vibrations of the earth and air in and about said plaintiff's premises, and his house and

garage." Then are set forth the nature and extent of the damages to the property of the plaintiff.

The amended answer of defendant to the amended petition consisted of two defenses, the first of which was substantially a general denial. The second defense averred that the city of Columbus in conjunction with the federal government through its Public Works Administration constructed the sewer in the alley alongside the premises of plaintiff and that the legislation necessary thereto was duly enacted by the council of the city of Columbus, which ordinance is set forth; that the sewer was constructed in accordance with the plans and specifications relating thereto prepared by the City Engineer of the city of Columbus; that the work was performed by the defendant according to the terms and conditions of the contract; that the work was carried on under the control, direction and supervision of the engineer of the city of Columbus, Ohio; and that the contract provided that blasting should be done in the presence of an inspector and that it was so done. Certain specific terms of the contract relating to blasting are set forth. It is finally averred that the defendant fully and completely performed all of its obligations under the contract at a minimum of expense, expenditure of time and danger to the traveling public and abutting owners and with a minimum interference with the ordinary uses of the streets.

Plaintiff in his reply admitted the contract as set forth and the plans and specifications in connection therewith and that the work incident to the performance of the contract was done under the control, direction and supervision of the engineer of the city of Columbus and affirmatively set forth other provisions of the contract whereby the defendant assumed liability for damages done to persons or property by reason of blasting operations and also for damages to buildings, property or premises, life or person, due to im-

proper, illegal or negligent conduct of the contractor, his subcontractors, employees and agents in and about the work or in the execution of the work under the contract.

The cause was tried and submitted to a jury, resulting in a verdict for the plaintiff in the sum of $300, upon which, after motion for new trial was filed and overruled, the court entered judgment. Defendant, by appropriate measures at all times prior to the judgment, and by motion for judgment *non obstante veredicto* after the judgment, protected its record and insisted that the court adopt its theory of the law of the case.

Twelve errors are assigned, all of which relate to the one controlling question, namely, can the plaintiff, without averment and proof of unskillfulness or negligence in doing the work, recover against the defendant contractor upon the allegations of his petition and his proof thereof to the effect that the defendant in pursuance of its contract by continuous blasting operations carried on in constructing the sewer in the alley adjacent to plaintiff's premises caused material damage to the buildings and improvements on plaintiff's premises?

It is the claim of the defendant that the construction of the sewer by the city of Columbus was a governmental function, that the city in carrying on this work was immune from liability for damages, that defendant, acting for and on behalf of the city of Columbus, was also clothed with such immunity, and that the city could not by contract require or compel the defendant to assume a liability over and beyond that of the city itself.

The briefs submitted are extended and are not restricted to Ohio cases.

Many of the questions presented are determined at the outset by the case of *Hutchinson* v. *City of Lake-*

*wood*, 125 Ohio St., 100, 180 N. E., 643. The plaintiff in the instant case relies upon and adopts the averments of the petition in the case of *Louden* v. *City of Cincinnati*, 90 Ohio St., 144, 106 N. E., 970, although a trespass is not expressly averred as in the latter case. The court held in this latter case that the petition with such averments stated a cause of action. The improvement being constructed, however, was an addition to the water works of the city of Cincinnati, which involved a proprietary and not a governmental function of the municipality. *City of Salem* v. *Harding*, 121 Ohio St., 412, 169 N. E., 457. The plaintiff in the *Lakewood case* also adopted in all essential particulars the language of the petition in *Louden* v. *City of Cincinnati, supra*. To the petition in the *Lakewood case* a general demurrer was interposed which in the trial court was sustained. The Supreme Court affirmed the judgment entered against the plaintiff after the sustaining of the demurrer to his petition. The syllabus of this case is as follows:

"The construction of a sewer by a municipality is a governmental function, and no liability arises against such municipality, in the absence of statute, for negligence in the performance of that function."

So that, although the opinion is almost in its entirety devoted to the question whether the city of Lakewood in constructing the sewer was acting in a governmental or proprietary function, the judgment goes further. In fact the syllabus in holding that the municipality was not liable for negligence in the performance of a governmental function read into the petition something which, though in conflict with the reasoning of the writer of the opinion in *Louden* v. *City of Cincinnati, supra,* is helpful in the instant case. There is no direct averment in the petition of negligence on the part of the city of Lakewood in the manner in which the blasting was done and it is planted squarely upon the prop-

osition that when it appeared that the city had blasted in such proximity to plaintiff's premises and by the concussion therefrom caused him material property damage the right to recover attended.

The petition here under consideration and those in all of the cases heretofore discussed expressly, or inferentially, charge trespass and a violation of the property rights of the plaintiffs. The *Hutchinson case, supra,* then is conclusive to the effect that in the instant case the city of Columbus would not be liable in damages to the plaintiff for the result of the blasting operations, even though such operations were done negligently, resulted in the commission of a trespass, resulted in a taking of plaintiff's property without due process or constituted a nuisance. The obligation of the city of Lakewood to respond in damages for negligence is the only subject of discussion in the *Hutchinson case, supra,* but all of the other questions were clearly before the court.

There is left in this case then but the one question, namely, is the immunity of the city to respond in damages passed on to the defendant in this case and if so, to what extent?

Upon this question we give consideration to *Wymer-Harris Construction Co.* v. *Glass, Admx.,* 122 Ohio St., 398, 171 N. E., 857, wherein it is held in the first proposition of the syllabus that:

"A board of county commissioners is without power to increase or diminish its duty, and thereby the obligation of the county, to the public, imposed by Section 2408, General Code, and is without power to impose upon another, by contract, a higher degree of duty toward the public than has been imposed upon it by statute and has been imposed upon such other by law."

The court found that, by a contract between the board of county commissioners and the contractor, the

board undertook to enjoin upon the contractor a liability of higher degree than was imposed not only upon the commissioners but upon the contractor by law.

In the instant case it is conceded by counsel for defendant that it would be required to respond in damages for negligence, if averred, in the blasting operations set out in the petition. If there is such liability it is because of the obligation at law enjoined upon the defendant contractor. Is this the extent of the legal liability of the defendant in this case?

Reverting to *Hutchinson* v. *City of Lakewood, supra,* it should be observed that the court there held that the averments of the petition charged negligence in the performance of the construction of the sewer and water-line. So that, although the Supreme Court in the earlier case of *Louden* v. *City of Cincinnati, supra,* very carefully pointed out that the petition did not aver negligence but was grounded upon trespass, the last pronouncement sets that determination aside and now characterizes the averments of the petition as a charge of negligence. *A fortiori* the petition in this case charges negligence. Negligence must therefore be set out under the rule of *res ipsa loquitur.* That the doctrine of *res ipsa loquitur* has application in pleading negligence in blasting cases is supported by *Whitla* v. *Ippolito,* 102 N. J. L., 354, 131 A., 873, and cases there cited. *Res ipsa loquitur* is but a rule of evidence and where invoked has the effect of making a *prima facie* case only or raising an inference of negligence and is always subject to evidence rebutting the inference. This view of the instant case was not accepted by the trial judge and if the plaintiff is confined in his right to recover against the defendant to proof of negligence of the defendant company then the defendant did not have this theory of the case presented to the jury.

What, then, is the degree of duty toward the public that has been imposed by law upon the defendant?

Outside of Ohio, cases hold, some of which are cited by the defendant, that a contractor doing work under contract with the city in construction which is a governmental function is not liable to a house owner for damages caused by blasting necessary to such construction, unless such damages were occasioned by the negligence of the contractor in doing the work. *Goldman* v. *Regan*, 247 Mass., 492, 142 N. E., 701, and as set out in 43 Corpus Juris, 1111, Section 1874:

"A person engaged in work under contract with a municipality is not liable for acts performed in pursuance of such contract in the absence of negligence. His duty is the same, and no greater, than that of the municipality in the care of its streets * * *."

In 69 A. L. R., 490 it is stated:

"One who contracts with a public body for the performance of public work is entitled to share the immunity of the public body from liability for incidental injuries necessarily involved in the performance of the contract, where he is not guilty of negligence."

One of the later pronouncements on this subject is found in *Thompson* v. *Jannarone Contracting Co.* (1928), 6 N. J. Misc., 320, 141 A., 25. The defendant in constructing a highway pursuant to his contract with the city, blasted rocks, some of which were thrown on golf links owned by the plaintiff to his damage. The court held that an answer setting up the "blasting in a careful and proper manner" stated no defense and further that the contractor could not avoid "liability on the ground that he was performing governmental duty which exempted him therefrom" citing *Whitla* v. *Ippolito, supra.*

In Ohio the liability of an individual to answer for the result of blasting operations when done in such proximity to the premises of another that, regardless of due care, damage to the property of that other will result, is set out in the first paragraph of the syllabus

of *Louden* v. *City of Cincinnati, supra.* It is there held that:

"Where * * * the force of the explosion will be to break the surface of the ground, destroy the buildings, and produce a concussion of the atmosphere, the force of which will invade the adjoining premises, injuring the buildings thereon and making them unfit and unsafe for habitation, the person or corporation making use of such explosives will be liable for the damage proximately and naturally resulting therefrom, irrespective of the question of negligence or want of skill in the blasting operations."

It is true, as counsel for defendant assert, that in the *Louden case, supra,* the city was engaged in a proprietary and not a governmental function. This, however, does not change the rule as to the obligation of the city in the situation presented and in our judgment defines the obligation of an individual established by law, not only in that case but in all cases.

If the immunity which the city enjoys as announced in *Hutchinson* v. *City of Lakewood, supra,* is to be accorded to a contractor who is doing the work of the city then the contractor would not be liable even for negligence in the performance of his contract because the immunity of the city is that broad.

Without respect to the decisions in other states, none has been cited from Ohio, nor do we find any wherein there has been such immunity as urged in this case granted to a contractor of a city in carrying on a contract involving a governmental function.

Our examination of a great many authorities supports the following general statement. Few, if any, exceptions are found to the rule that where one commits a trespass upon the property of another by the use of high explosives he is liable for the resultant damages without proof of negligence. There is considerable contrariety of authority as to what constitutes a trespass. The courts are in agreement that

actual, physical invasion of the premises by throwing of stones, parts of trees or debris thereon is a trespass. The difference of opinion arises where the damages to one's property by blasting are the result of vibrations or concussions. A late annotation on the subject is found in 92 A. L. R., 741, where the annotator cites thirteen states as supporting the principle of liability from vibrations and concussions resulting from blasting operations without proof of negligence. Among this group is Ohio and there is cited *Louden* v. *Cincinnati, supra; Heilman* v. *France Stone Co.,* 20 Ohio App., 261, 151 N. E., 798. Contra to this proposition there are cited six states among which are New York and Massachusetts.

The theories differ upon which a plaintiff is entitled to recover in facts similar to those found in the instant case. In *Valley Ry. Co.* v. *Franz,* 43 Ohio St., 623, 4 N. E., 88, it is said in the opinion that:

"When the owner of land rightfully and lawfully does an act entirely on his own land, and by means of such act puts in action, or directs a force against, or upon, or that affects another's land, without such other's consent or permission, such owner and actor is liable to such other for the damages thereby so caused the latter * * *."

In *City of Mansfield* v. *Balliett,* 65 Ohio St., 451, 63 N. E., 86, it is said in the syllabus that:

"Any actual and material interference with such rights, which causes special and substantial injury to the owner, is a taking of his property."

In *City of Norwood* v. *Sheen,* 43 Ohio App., 339, 183 N. E., 177, and in *Barberton* v. *Miksch,* 12 Ohio Law Abs., 245, the courts held that a municipality is liable for injury to private property, even though such injury results from the exercise of a governmental function, when it is of such nature or character as virtually to constitute a taking of such property for public purpose.

In *Foti* v. *Sain*, 7 Ohio Law Abs., 535, it was held that:

"Jury having found that work being done by contractor in city street was of such a nature and character by reason of blasting, that natural or probable result would be to endanger and injure persons lawfully using streets in that vicinity, contractor would be liable for trespass or assault committed upon such persons, and defense of ordinary care would not avail."

Judge Washburn in the opinion said that:

"Such liability arises from the dangerous character of the work and the resultant actual assault or trespass, rather than from the manner in which the work is performed."

He cites *City of Tiffin* v. *McCormack*, 34 Ohio St., 638, 32 Am. Rep., 408, where the owner of a quarry by blasting with gunpowder destroyed the buildings of an adjoining landowner and it was held no defense to show that ordinary care was exercised in the manner in which the quarry was worked. At page 644 of the opinion it is said:

"Undoubtedly, the right to use property as the owner may please, provided that reasonable care is taken not to do unnecessary injury to others, is the ordinary rule. But this rule cannot be interposed to justify the committing of a trespass or the maintaining of a nuisance. * * * 'The use of land by the proprietor is not therefore an absolute right, but qualified and limited by the higher right of others to the lawful possession of their property. To this possession the law prohibits all direct injury, without regard to its extent or the motives of the aggressor. * * *' "

The court then states that if one may "not construct" work without creating a nuisance or trespass to the annoyance and damage of his neighbor "he must abandon that mode of using his property or be held responsible for all damages resulting therefrom. He will not be permitted to accomplish a legal object in an unlawful manner."

The same general principles are announced in *Bradford Glycerine Co.* v. *St. Marys Woolen Mfg. Co.,* 60 Ohio St., 560, 54 N. E., 528; *Defiance Water Co.* v. *Olinger,* 54 Ohio St., 532, 44 N. E., 238; *Gas Fuel Co.* v. *Andrews,* 50 Ohio St., 695, 35 N. E., 1059.

In *Schaefer* v. *Frazier-Davis Construction Co.* (Mo. Ct. of App., 1939), 125 S. W. (2d), 897, the broad statement is made in the syllabus that "blasting may be lawfully done, providing injury to persons or property is avoided, and subject to obligation to pay damages for any injury inflicted by blasting."

Certain of the principles announced touching the liability of municipalities in some of the cases from which we have quoted may be too broad and denied by the decision in *Hutchinson* v. *City of Lakewood, supra,* but we are satisfied that in no instance do they overstate the general obligation of an individual to respond for damages to the real property of another caused by his use of high explosives. When one puts such an agency as dynamite into operation in such proximity to the premises of another as to cause actual, physical damage to such property, the actor is responsible for the damages resulting. Whether this is upon the principle of trespass, creation of a nuisance or the taking of one's property without due process of law and without compensation may not be well defined.

The decision in *Hutchinson* v. *City of Lakewood, supra,* must be accepted for all that it implies but the court had under consideration only the question of the liability of the city and its immunity. It did not touch upon the question of extending that immunity to a contractor of the city. As we have before said, we believe the contractor is held to that obligation imposed upon him by law and no case in Ohio has been cited wherein any court has undertaken to extend to a contractor the immunity which is accorded to the city in carrying on its governmental functions.

It is our judgment that the contractor in the instant case was liable for all damages alleged and proven which resulted to the plaintiff by reason of the blasting operations in excavating the tunnel, which was a part of the sewage construction that was being carried on for the city of Columbus alongside the premises of the plaintiff.

It follows that none of the assignments of error is well made. The judgment will be affirmed.

*Judgment affirmed.*

GEIGER and BARNES, JJ., concur.