## BRITTON v. HARRISON CONST. CO.
## CARTE et al. v. HARRISON CONST. CO.
### Civ. A. Nos. 859, 860.

United States District Court
S. D. West Virginia.

Dec. 28, 1948.

G. Steve Millhouse, Charleston, W. Va., for plaintiffs.

Dayton, Campbell & Love, of Charleston, W.Va., Thomas W. Moses and Ernest H. Gilbert, Jr., Charleston, W. Va., for defendant.

BEN MOORE, Chief Judge.

The plaintiff in these two cases, which have been consolidated, bring their actions seeking to recover for damage to their dwelling houses which they allege resulted from concussions and vibrations from defendant's blasting operations in connection with the construction of the Kanawha County Airport, near Charleston, West Virginia. No allegation of negligence appears in the complaints. Defendant moves to dismiss the complaints on the ground that they do not state a cause of action.

The motion presents the question: Is a person who intentionally sets off a dynamite blast in the conduct of a lawful blasting operation absolutely liable for damage to houses (however distant from the scene of the blast), or must the plaintiff as a condition precedent to recovery allege and prove

some act of negligence on the part of the person responsible for the blasting?

 It is, of course, the duty of the Court, following the rule of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, to apply the law of the State of West Virginia to the problem posed by the question, if an answer can be found in any of the cases decided by the Supreme Court of Appeals of that State. However, counsel have cited no West Virginia cases, and I have been able to find none, which could be said to be squarely in point. The only case in which the facts are closely similar to those of the instant case is that of Dallas v. Whitney, 118 W.Va. 106, 188 S.E. 766. Unfortunately for the purpose here, the West Virginia Supreme Court in that case did not purport to lay down any West Virginia rule but applied the law of Ohio in imposing absolute liability without requiring allegation or proof of negligence. A few other West Virginia cases approach but do not touch the question. For example, in the case of Wilson v. Phoenix Powder Manf'g Co., 40 W.Va. 413, 21 S.E. 1035, 52 Am.St.Rep. 890, the Court imposed absolute liability on the owner of a powder mill which accidentally exploded, causing damage, giving as its reason that, as the mill was situated in a populous locality, it constituted a public nuisance. There are dicta in the opinion indicating the Court's view that had the mill been located in a secluded spot, there could have been no recovery in the absence of proof of negligence. The West Virginia Supreme Court of Appeals has refused in a number of cases of boiler explosions to allow recovery in the absence of proof of negligence, unless the boilers are shown to constitute nuisances; see Veith v. Hope Salt & Coal Co., 51 W.Va. 96, 41 S.E. 187, 57 L.R.A. 410; Findley, Adm'r v. Coal & Coke Railway Co., 72 W.Va. 268, 78 S.E. 396; but these decisions appear to be predicated on the principle that the millions of boiler users throughout the country should not be made insurers against latent defects in the manufactured boilers.

Another case in which the West Virginia Supreme Court of Appeals declined to apply the doctrine of absolute liability where injuries are caused by dangerous instrumentalities, is that of Vaughan v. Miller Bros. "101" Ranch Wild West Show, 109 W.Va. 170, 153 S.E. 289, 69 A.L.R. 497. In this case plaintiff was standing near a wild animal which was being exhibited in a cage in a circus menagerie, and he having his hand within reach of the animal, his finger was seized and bitten off. The Court, after reviewing the trend of English and American authorities, concluded that the mere keeping of a wild animal is not enough to impose liability on the keeper, but that there must be some neglect properly to restrain it if the owner is to be held liable in damages. It is to be noted that in this case the plaintiff was seeking to recover for personal injuries received after he had placed himself in a position of known peril.

The cases in this State involving blasting or explosions of dynamite are of little aid to the Court in reaching a proper conclusion in the instant case. Where railroads, in grading condemned rights of way, have cast rocks and debris upon adjoining lands, the Court has held that such damage was necessarily taken into consideration in fixing the award for the condemned lands (the measure being the value of the land taken and damages to the residue), and that removal of the rocks and debris within a reasonable time would absolve the contractor from liability. Watts v. Norfolk & W. R. Co., 39 W.Va. 196, 19 S.E. 521, 23 L.R.A 674, 45 Am.St.Rep. 894; Gordon v. Elmore, 71 W.Va 195, 76 S.E. 344. Other cases involve personal injuries received from unexpected explosions and are distinguishable on their facts. See Schwartz v. Shull, 45 W.Va 405, 31 S.E 914; State ex rel. Bennett v. Sims, W.Va. 1948, 48 S.E.2d 13.

Nowhere in the cases have I found any judicial recognition of a distinction between the accidental explosion of dynamite or other accidental release of dangerous forces and the intentional setting off or release of such forces; yet as I see it, there is a substantial difference between the two situations. Such dangerous instrumentalities as dynamite, being useful, if not indispensable, in many commercial and indus-

trial pursuits, must be kept and stored. It may be reasonable to conclude, as many courts have done, that in cases of accidental explosion liability depends on failure to exercise due care in keeping and storing the explosive. On the other hand, when one intentionally sets off a charge of dynamite, he thereby looses for a destructive purpose (albeit a proper and lawful purpose) those very forces which are known to be dangerous to any person or property which may be within the radius of the concussions and vibrations produced by the blast. This distinction must, in my opinion, be given weight in deciding the question here propounded.

In two West Virginia cases dealing with damage caused by bursting water tanks, the Court goes far towards establishing a rule of absolute liability, even where the dangerous force is released accidentally and not intentionally. Weaver Mercantile Co. v. Thurmond, 68 W.Va. 530, 70 S. E. 126, 33 L.R.A.,N.S., 1061; Wigal, Adm'x v. City of Parkersburg, 74 W.Va. 25, 81 S. E. 554, 52 L.R.A.,N.S., 465. While both these cases appear on their face to have been decided by the application of res ipsa loquitur as a rule of evidence, yet in the latter case the Court held that no degree of care shown by the defendant could relieve it from liability, and that in such cases nothing short of proof that the bursting of the tank was due to an act of God or a clandestine hand could excuse the defendant from liability; and in both cases instructions offered by the defendants which would have submitted the question of negligence to the jury were held to have been properly refused. This is little, if any, different from the conclusions of those courts which follow the doctrine of absolute liability in similar situations. If these cases are interpreted as imposing absolute liability, whether designated as such or not, they furnish sufficient authority a fortiori to sustain this Court in adhering to that rule in the instant case. Conversely, if they are interpreted as requiring an allegation of negligence in order to state a cause of action, it must be remembered that they belong to that class of cases which, as I have said, are distinguishable from the instant case in that there was no intentional loosing of a force against the countryside to cause damage where and to whom it might.

Since there is no definite and certain rule of law in West Virginia with reference to the question presented here, this Court is at liberty to apply the Federal rule, if there be one, and if not, to endeavor to reach a proper conclusion in the light of the decisions in other states and from the general field of jurisprudence. Nearly all the Federal cases arising out of damage caused by blasting are cases in which the Federal Courts have applied the local State rule, as they are required to do if such a rule exists. Therefore, such cases are of little value in answering our question.

The established rule in cases of trespass quare clausum fregit, so deepseated in the law as to require no citation of authority, is that the person causing the trespass is liable for resulting damage irrespective of negligence. I can see no difference in principle between what courts have termed "direct" trespass, that is, where rocks or debris have been cast by blasting on adjoining land, Asheville Const. Co. et al. v. Southern Ry. Co., 4 Cir., 1927, 19 F.2d 32, and a situation such as we have here, where air-waves or ground vibrations have been sent out by the blasting, causing damage. In both cases the property is damaged by a physical force coming upon it. Whether such force is visible or invisible, or whether it causes the damage by smashing or by shaking is of no consequence.

There is, I believe, a Federal rule on the subject, which is to be found in the case of Exner et ux. v. Sherman Power Const. Co., 2 Cir., 1931, 54 F.2d 510, 513, 80 A.L.R. 686. While this was a case of accidental explosion of dynamite, rather than intentional blasting, Judge A. N. Hand of the Second Circuit Court of Appeals in the opinion states the principle which he concluded, and which I believe, is applicable to both types of explosion. The case was decided prior to Erie Railroad Co. v. Tompkins and was therefore not based on any considerations of State law. I quote as follows from the opinion:

"It is true that some courts have distinguished between liability for a common-law trespass, occasioned by blasting, which projects rocks or debris upon the property or the person of the plaintiff, and liability for so-called consequential damages arising from concussion, and have denied liability for the latter where the blasting itself was conducted at a lawful time and place and with due care. (Citing cases.) Yet in every practical sense there can be no difference between a blasting which projects rocks in such a way as to injure persons or property and a blasting which, by creating a sudden vacuum, shatters buildings or knocks down people. In each case, a force is applied by means of an element likely to do serious damage if it explodes. The distinction is based on historical differences between the actions of trespass and case and, in our opinion, is without logical basis. (Citing cases.)

"We can see no reason for imposing a different liability for the results of an explosion, whether the dynamite explodes when stored or when employed in blasting. To be sure there is a greater likelihood of damage from blasting than from storage, but in each case the explosion arises from an act connected with a business conducted for profit and fraught with substantial risk and possibility of the gravest consequences. As Justice Holmes has said in The Common Law, p. 154: 'The possibility of a great danger has the same effect as the probability of a less one, and the law throws the risk of the venture on the person who introduces the peril into the community.'"

I have found no other case which could be said to have established a Federal rule. There are cases in which the plaintiff sustained personal injuries from exploding dynamite, after exposing himself to the danger, known by him to exist. In these cases, it is taken for granted that negligence on the part of the person setting off the blast must be alleged and proved. Cary Bros. & Hannon v. Morrison, 8 Cir., 1904, 129 F. 177, 65 L.R.A. 659; Smith v. Day, C.C.D.Or.1905, 136 F. 964.

■ I am impressed with Judge Hand's reasoning, and regard the law of the Exner case as being especially applicable to present day conditions, when major improvements are being effected in already overcrowded localities. The use of dynamite in blasting is a well-recognized practice, but the injurious results often occasioned thereby are equally well known. Any person who uses it in such manner as to cause damage to his neighbor must be held absolutely liable therefor.

The motions to dismiss the complaints in each case are overruled.