*Southern District*

# JOSEPH NADOL
## AND
# ROSE NADOL
v.
# NICHOLAS J. CIVITARESE

· *Present:* NASH, P. J., COX AND CALLAN, JJ.

Case tried to ————, in the District Court of Northern Norfolk. No. 39093.

*Callan, J.* Action of tort in which the plaintiffs seek to recover for damage to their dwelling house caused by the defendant's negligence.

*There was evidence that* the plaintiffs have owned and occupied a dwelling since 1949 and that about August 27, 1956 the defendant was engaged in the construction of a sewer past the plaintiffs' dwelling on the opposite side of the street. The plaintiffs' son was in the house and watched the construction from

the living room window. He saw a compressor and power-shovel with the name Ralph Richard Co. printed on it. He saw workmen drill holes in rock with a jack-hammer, carry bundles into the excavation and then put the shovel portion of the power-shovel on the mat. A wire was run to the rear of the shovel and a truck, a plunger was pushed down and the shovel rose in the air. The telephone pole on the street swayed from side to side. The shock of the explosion was felt by the son in the house. He heard the chandelier in the dining room vibrate and saw the air in the cellar filled with dust which covered the ping-pong table. Both the plaintiff, Mrs. Nadol, and her son, saw that the kitchen ceiling had been cracked and the plaster hanging down. He also observed outdoors after the blasting that two curb stones of the sidewalk were dislodged into the sewer excavation. There was also evidence that there were cracks in the dining-room ceiling and wall as well as joints of the bedroom ceilings. The telephone wire from the telephone pole to the house was frayed and pieces of the covering were on the lawn. Repairs to the damaged ceilings were caused to be made by the plaintiffs.

The plaintiffs duly filed five requests for rulings which requests the judge acted on as follows:

1. That there is sufficient evidence to warrant a finding for the plaintiffs.
2. That there is insufficient evidence to warrant a finding for the defendants.
3. That there was sufficient evidence to warrant a finding that the defendant was negligent.
6. That where blasting operations are shown to be under the management of the defendant or his servants and the accident is such that in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence in the absence of explanation by the defendant that the accident arose from defendant's want of care.

7. That the doctrine of Res Ipsa Loquitur is applicable to the suit against a contractor who uses explosive so as to injure the property of the plaintiffs.

The court ruled as follows:

1. Allowed, See findings of facts.
2. Denied.
3. Denied.
6. Denied.
7. Allowed, only in the event of direct injuries to the property of another, as where stones or debris are cast upon it, but not otherwise. See findings of facts.

The judge found that the plaintiffs failed to prove negligence of the defendant, that the damage to the plaintiffs' property resulted from concussion, or vibration by blasts and that there is no liability for consequential harm. The court found for the defendant.

Claiming to be aggrieved by the finding for the defendant and the judge's action on their requests the plaintiffs claim a report to this court.

■ The rule in this Commonwealth is that one lawfully carrying on blasting operations is liable without proof of negligence for all direct injuries to the property of another. *Dalton v. Demos Bros.,* 334 Mass. 377; *Coughlan v. Grande & Son, Inc.,* 332 Mass. 464, 467; *O'Regan v. Verrachi,* 325 Mass. 391, 392. There does not appear in this case to be any evidence, and the judge so found, that the plaintiffs' property was damaged directly by any stones or flying debris. This finding must stand unless it is plainly wrong. *Casey v. Gallagher,* 326 Mass. 746; *Kesley v. Hampton Court Hotel Co.,* 327 Mass. 150.

■ There was no error in the judge's allowance of the plaintiffs' request No. 1. Even though there was sufficient evidence to warrant a finding for the plaintiffs, the judge was not compelled to make such

a finding. *Liberatore v. Framingham*, 315 Mass. 538, 541.

For the same reason there was no error in the judge's action on requests No. 2 and 3. If, as the plaintiff contends, the findings of the judge are inconsistent with, or contradictory to, his ultimate finding, the plaintiffs' remedy is by a motion to correct the inconsistency, or a motion for a new trial. *Conde Nast Press, Inc., v. Cornhill Pub. Co.*, 255 Mass. 480, 484.

As to requests Nos. 6 and 7 the question presents itself whether the doctrine of *res ipsa loquitur* should apply. The judge ruled correctly on these requests. Although in some jurisdictions absolute liability is imposed for consequential damage, *McGrath v. Basich Bros. Const. Co.*, 7 Cal. App. 573; *Baker v. S. A. Healy Co.*, 302 Ill. App. 634; *Stockler v. City of Richmond Hts.*, 235 Mo. App. 277; *Wendt v. Yant Const. Co.*, 125 Neb. 277; *Bluhm v. Blanck & Gargaro*, 62 Ohio App. 451; *Baier v. Glen Alden Coal Co.*, 332 Pa. 561; *Aycock v. Nashville C. & St. Louis Ry. Co.*, 4 Tenn. App. 655; *Brown v. L. S. Lunder Const. Co.*, 240 Wis. 122; *Dallas v. Whitney*, 118 W. Va. 106, the prevailing rule in the greater number of jurisdictions, which has long been the rule in this Commonwealth, is that in the absence of negligence there is no liability for consequential harm such as is caused by concussion or vibration. *Goldman v. Regan*, 247 Mass. 492; *Hakkila v. Old Colony Broken Stone & Concrete Co.*, 264 Mass. 447, 452; *Jenkins v. A. G. Tomasello & Son, Inc.*, 286 Mass. 180, 186.

We are not constrained to extend the doctrine of *res ipsa loquitur* to such a case but rather leave it to the plaintiff to prove negligence unaided by this doctrine. *Trim v. Fore River Ship Bldg. Co.*, 211 Mass. 593; *Kuych v. Trustees of N. Y. N. H. & H. R. R. Co.*, 320 Mass. 339.

We perceive no error and order the report dismissed. So ordered.

Joseph B. Nadol, for the plaintiff.
Richard D. Hewes, for the defendant.